**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ECOFACTOR, INC., | |
| Plaintiff, | Case No. 6:20-cv-00078-ADA |
| v. | **JURY TRIAL DEMANDED** |
| ECOBEE, INC., | |
| Defendant. | |
| ECOFACTOR, INC., | |
| Plaintiff, | Case No. 6:21-cv-00428-ADA |
| v. | **JURY TRIAL DEMANDED** |
| ECOBEE, INC., | **LEAD CASE** |
| Defendant. | |

**DEFENDANT ECOBEE'S MOTION TO STRIKE PLAINTIFF'S
UNTIMELY AND IMPROPER INFRINGEMENT CONTENTIONS
REGARDING U.S. PATENT NO. 9,194,597**

## <u>TABLE OF CONTENTS</u>

I.      Introduction................................................................................................1

II.     Factual Background ....................................................................................3

III.    Argument ....................................................................................................6

        A.      EcoFactor Added The Newly Asserted Claims To The Litigation
                In Its FICs In Violation Of The Court's Rules ................................6

        B.      EcoFactor's Infringement Contentions With Respect To The
                Newly Asserted Claims Should Be Stricken ..................................6

IV.     Conclusion .................................................................................................9

## Table of Authorities

**Cases**

*Ameranth, Inc. v. Menusoft Systems Corp.*, No. 2:07-CV-271-TJW-CE, 2010 WL 11530914 (E.D. Tex. Aug. 23, 2010) ..................................................................................................................... 7, 8

*WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*, W-20-CV-00952-ADA, 2022 WL 174517 (W.D. Tex. Jan. 18, 2022) ........................................................................................................ 7

I.      **Introduction**

Defendant ("ecobee") respectfully moves the Court to strike the portion of Plaintiff's ("EcoFactor") Final Infringement Contentions ("FICs") in which EcoFactor—for the very first time and without prior leave of the Court—asserts claims 1-8, 17-20, and 22-24 (the "Newly Asserted Claims") of U.S. Patent No. 9,194,597 (the "'597 Patent").

EcoFactor served its preliminary infringement contentions ("PICs") on September 14, 2021.  At that time, EcoFactor had been asserting related patents against the same ecobee accused products for two years, in two separate ITC investigations and a prior case it filed in this Court (i.e., Case No. 20-cv-000078, which has been consolidated into this action).  Indeed, EcoFactor had an advantage that most plaintiffs do not enjoy, because when it served its PICs it and its experts had already conducted a thorough investigation of ecobee's accused products, evidence and related source code.

In its September 2021 PICs, EcoFactor asserted and provided claim charts for only claims 9-16 of the '597 Patent.  Accordingly, on November 16, 2021, ecobee served its preliminary invalidity contentions tailored to claims 9-16 of the '597 Patent.  The parties spent the next four months engaged in claim construction related to claims 9-16 of the '597 Patent—identifying claim terms, proposing constructions, disclosing extrinsic evidence, and exchanging several rounds of claim construction briefing.

On March 22, 2022, the Court conducted its Markman Hearing, during which it found claims 9-16 of the '597 Patent to be indefinite.  Thus, the Court held all asserted claims of the '597 Patent to be invalid.

However, the Court's ruling did not stop EcoFactor from continuing to assert the '597 Patent.  On May 10, 2022, pursuant to the case schedule, EcoFactor served its FICs and ecobee

served its final invalidity contentions.  In its FICs, EcoFactor *for the first time* asserted and provided claim charts for the Newly Asserted Claims.  EcoFactor *did not seek leave of Court* before adding the Newly Asserted Claims, even though the Parties' Agreed Scheduling Order and the Court's Standing Order Governing Proceedings unambiguously forbade the addition of asserted claims without prior leave of the Court.  *See* D.I. 24-1 at 1.n.1; D.I. 23 at 8; D.I. 38 at 11.

The Court has explained that its rule requiring leave before adding claims is necessary "so that the Court can address any scheduling issues."  *See id.*  Indeed, allowing a plaintiff to unilaterally add claims can create a scenario where the defendant is deprived the opportunity to seek claim constructions and assert invalidity contentions as to the newly asserted claims.  That is exactly what occurred here.  EcoFactor's addition of the Newly Asserted Claims occurred (i) months after the Markman hearing, and (ii) simultaneously with ecobee's final invalidity contentions.  To put a finer point on it, EcoFactor's maneuvers have severely prejudiced ecobee by preventing it from obtaining claim construction and asserting invalidity positions on the Newly Asserted Claims.

EcoFactor's conduct is improper and would justify striking of the Newly Asserted Claims in even a typical litigation.  But this is not a typical litigation.  As mentioned earlier, when EcoFactor decided to only assert claims 9-16 of the '597 Patent in its PICs—and maintain only that assertion until the time of its FICs—it was fully aware of the functionality of ecobee's products.  EcoFactor made a conscious and deliberate choice about which claims to assert, based on more information than most plaintiffs have at the time of their preliminary contentions.  The Court's ruling that Claims 9-16 are invalid is not justification for EcoFactor changing course, violating the Court's orders and defying principles of fairness.

Accordingly, the Court should grant the instant motion and strike the Newly Asserted Claims from the FICs.  Notably, doing so would leave 55 claims across four other patents asserted in this consolidated action—not to mention the other pending litigations brought by EcoFactor— so EcoFactor will continue to have a robust opportunity to present any triable infringement claims to a jury.

## II.     Factual Background

On April 28, 2021, EcoFactor filed its complaint initiating the instant -00428 litigation accusing ecobee of infringing the following United States patents:  U.S. Patent Nos. 8,740,100 ("the '100 Patent"); 8,751,186 ("the '186 Patent"); 9,194,597 ("the '597 Patent"); and 10,584,890 ("the '890 Patent") (collectively, the "Asserted Patents").  *See* D.I. 1.

In its complaint, EcoFactor asserted that ecobee accused products satisfy "claims of the '597 Patent," without specifically enumerating a full list of claims alleged to be infringed.  *See* D.I. 1 at ¶ 41.  EcoFactor also attached a claim chart "comparing claim elements of the '597 Patent to representative Accused Products" as Exhibit 6 to its complaint.  *See id.*  Claim 9 was the only claim of the '597 Patent that EcoFactor charted in its exhibit accompanying its complaint.  *See* D.I. 1-6.

On September 14, 2021, EcoFactor served its PICs.  Therein, EcoFactor charted claims 9-16 of the '597 Patent against features of ecobee's accused products.  *See* Ex. 1 [Exhibit 3 to PICs]. The Newly Asserted Claims were not addressed in EcoFactor's claim charts at all, nor did EcoFactor provide any explanation regarding how the ecobee accused products allegedly satisfy the limitations of those claims.[1]

---

[1] In the cover pleading of its PICs, EcoFactor nominally stated that it was asserting infringement of claims 1-24 of the '597 Patent against ecobee.  *See* Ex. 2 [PICs Cover Pleading] at 2.  However, claims 1-8 and 17-24 were not charted against ecobee and EcoFactor did not allege that its

On October 18, 2021, the Parties submitted an Agreed Scheduling Order.  D.I. 24.  The order included a requirement that "Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) **each element** of the asserted claim(s) are found."  *See* D.I 24-1 at 1 (emphasis added).  The Parties' Agreed Scheduling Order also included the following mandate:

> The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. **Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.**

*Id.* at 1 n.1 (emphasis added).[2, 3]

On November 16, 2021, ecobee served its preliminary invalidity contentions.  In the accompanying cover pleading, ecobee noted the following with respect to the '597 Patent:

> In its infringement contention filed on September 14, 2021, Ecofactor identified additional claims in its Preliminary Infringement Contentions Cover Pleading, but it only provided its contentions (i.e., charting against the ecobee product) for claims 9-16.  Accordingly, ecobee focuses its Preliminary Invalidity Contentions only on those claims for which it has EcoFactor's contentions.

*See* Ex. 3 [Preliminary Invalidity Contentions] at 2 n.2.  In its claim charts accompanying its preliminary invalidity contentions, ecobee charted prior art references against claims 9-16 of the '597 Patent, because those were the only claims for which EcoFactor provided infringement

---

contentions for claims 9-16 applied to any other claims of the '597 Patent.  Moreover, as explained below, EcoFactor acknowledged during claim construction that only claims 9-16 were actually asserted against ecobee.

[2] A slightly modified version of this Agreed Scheduling Order was entered by the Court on March 1, 2022.  *See* D.I. 31.  The only modifications entered by the Court related to dates associated with the Markman hearing.  Notably, there were no modifications to the above quoted rules regarding providing claim charts and amending infringement contentions.

[3] This mandate also appears verbatim in the Exemplary Schedule within each version of the Standing Order Governing Proceedings – Patent Cases entered in this case.  *See, e.g.*, D.I. 23 at 8; D.I. 38 at 11.

contentions.   At no point did EcoFactor dispute ecobee's assertion that EcoFactor had only provided contentions for claims 9-16 of the '597 Patent.

The Parties then proceeded to claim construction.   Because both Parties' preliminary contentions only addressed claims 9-16 of the '597 Patent, the Parties focused only on those '597 Patent claims in identifying claim terms for construction.  *See* D.I. 32-2 [ecobee's identification of proposed claim constructions] (proposing claim constructions for five terms within claim 9). Indeed, the Parties' Joint Claim Construction Statement expressly acknowledged that the asserted claims of the '597 Patent were only claims 9-16.  *See* D.I. 34 at 1.

On March 21, 2022, the Court provided its preliminary construction for one disputed term in claim 9 of the '597 Patent—"the predicted rate of change"—finding the term to be indefinite. The Court then held a Markman hearing on March 22, 2022, where the Court affirmed its preliminary indefiniteness finding.

Nearly two months later, EcoFactor served its FICs on May 10, 2022.  In its FICs, without seeking leave of Court or even notifying ecobee of its intent to add claims to the litigation, EcoFactor completely changed its asserted claims for the '597 Patent against ecobee.  Specifically, EcoFactor dropped previously asserted claims 9-16 from the litigation (which were found to be indefinite at the Markman hearing), and instead asserted infringement theories against ecobee for the Newly Asserted Claims for the first time.  *See* Ex. 4 [EcoFactor FICs Cover Pleading] at 1-2. With its FICs, EcoFactor provided 295 pages of claim charts related to the Newly Asserted Claims, despite never having provided any claim charts for these claims at any previous point.

Also on May 10, 2022, in a simultaneous exchange with EcoFactor's FICs, ecobee served its final invalidity contentions on EcoFactor.  As with ecobee's preliminary invalidity contentions, ecobee focused its final contentions only on claims 9-16 of the '597 Patent because those were the

only claims for which EcoFactor had provided substantive infringement contentions to that point.
*See* Ex. 5 [ecobee Final Invalidity Contentions] at 2 n.2.  EcoFactor did not notify ecobee of its
intent to add new claims to the litigation prior to ecobee serving its final invalidity contentions.

On July 5, 2022, the deadline to amend pleadings passed without EcoFactor seeking leave
to add any new patent claims to the litigation.  *See* D.I. 31 at 3.

## III.    Argument

The Court should strike EcoFactor's FICs with respect to claims 1-8, 17-20, and 22-24 of
the '597 Patent as untimely and prejudicial.

### A.  EcoFactor Added The Newly Asserted Claims To The Litigation In Its FICs In Violation Of The Court's Rules

As noted above, in its PICs, EcoFactor only provided substantive infringement contentions
regarding ecobee's accused products for claims 9-16 of the '597 Patent.[4]  Because EcoFactor did
not provide contentions for the Newly Asserted Claims in its PICs, the only way for EcoFactor to
attempt to add them to the case under the rules governing this litigation was to move the Court for
leave to do so.  *See, e.g.*, D.I. 31 at 1 n.1, 38 at 11 n.8 ("[a]ny amendment to add patent claims
requires leave of court so that the Court can address any scheduling issues").  EcoFactor did not
seek such leave of the Court.  Instead, EcoFactor violated the rules by unilaterally adding the
Newly Asserted Claims to its FICs, without seeking leave of Court.  Accordingly, the Court should
strike EcoFactor's infringement contentions as improper for being in violation of the rules of the
Court.

### B.  EcoFactor's Infringement Contentions With Respect To The Newly Asserted Claims Should Be Stricken

In  addition  to  being  procedurally  improper,  the  Court  should  strike  EcoFactor's

---

[4] This is undisputed, as EcoFactor admitted that the Newly Asserted Claims were not asserted as
of the filing of the Parties' Joint Claim Construction Statement on March 4, 2022.  D.I. 34 at 1.

infringement contentions with respect to the Newly Asserted Claims for lack of good cause.  In analyzing whether to strike infringement contentions, "[c]ourts consider (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*, W-20-CV-00952-ADA, 2022 WL 174517, at *2 (W.D. Tex. Jan. 18, 2022) (internal quotations omitted).  Courts also consider "[w]hether the offending party was diligent in seeking an extension of time, or in supplementing contentions, after an alleged need to disclose the new matter became apparent." *Id.* (internal quotations omitted). Balancing these interests requires striking of EcoFactor's untimely infringement contentions.

EcoFactor has no valid reason for delaying bringing the Newly Asserted Claims against ecobee.  As noted above, this action is but one of a series of litigations between the parties dating back to 2019, where EcoFactor has asserted patent infringement against ecobee.  Thus, EcoFactor knew the functionality and operations of the ecobee products well before it served its PICs, and it has no basis for adding the Newly Asserted Claims to this action in its FICs.  Tellingly, EcoFactor only added the Newly Asserted Claims after the '597 Patent claims that EcoFactor had originally asserted were found to be indefinite at the Markman hearing.  The Court's indefiniteness ruling does not provide good cause allowing EcoFactor to assert new claims with respect to features of the ecobee products it has known about for years.  *See Ameranth, Inc. v. Menusoft Systems Corp.*, No. 2:07-CV-271-TJW-CE, 2010 WL 11530914, at *1 (E.D. Tex. Aug. 23, 2010) (striking amended infringement contentions purporting to add new claims to a litigation, which were amended without seeking leave following an adverse claim construction ruling).  "Under [Plaintiff's] view of the 'good cause' threshold, any plaintiff could assert new claims . . . if the

court adopts one of the defendant's proposed claim constructions." *Id.* EcoFactor should be forced to accept the consequences of its decisions regarding which claims of the '597 Patent to assert against ecobee.[5]

Further, in addition to being unjustified, EcoFactor's improper addition of the Newly Asserted Claims in its FICs—on the final day the Parties were allowed to amend contentions to incorporate new information without seeking leave of Court—cannot be considered diligent. Even if the Court's ruling that the originally asserted claims were indefinite provided a basis to amend claims—which it does not—EcoFactor waited nearly two months to add the Newly Asserted Claims to their contentions. Instead, EcoFactor's decision to change asserted claims on the deadline for the parties to exchange final infringement and invalidity contentions—without seeking leave of Court or notifying ecobee in advance—can only be seen as an improper ploy to extract a litigation advantage against ecobee.

In fact, EcoFactor's attempted end-run around the Court's indefiniteness ruling unfairly prejudices ecobee. For example, allowing EcoFactor to add the Newly Asserted Claims to this litigation in its FICs—nearly two months after the Court held its Markman hearing, and with no prior notice to ecobee—would force ecobee to litigate against claims for which it did not have an opportunity to seek any claim constructions. This is especially true with respect to claim terms that ecobee believes to be indefinite, such as the term "the difference value" in claim 17 (which lacks antecedent basis). Moreover, because EcoFactor did not seek leave of Court, or otherwise inform ecobee of its intent to change its asserted claims, ecobee was also precluded from searching and developing prior art defenses to these claims. Indeed, ecobee's final invalidity contentions in

---

[5] Any argument by EcoFactor regarding the importance of its addition of the Newly Asserted Claims in its FICs is undercut by its decision not to bring the Newly Asserted Claims against ecobee in the first place.

regard to the '597 Patent claims—which, per the Court's scheduling order were served on the same day as EcoFactor's FICs—were tailored to claims that EcoFactor had originally asserted in its PICs.

The only way to attempt to minimize the prejudice to ecobee caused by EcoFactor's improper conduct would be to derail the case schedule—where the Parties are currently due to serve opening expert reports in approximately one month and are proceeding towards trial in March 2023. *See* D.I. 31. For example, to accommodate EcoFactor's FICs, the schedule would need to be delayed to allow for an additional round of claim construction with respect to terms found within the Newly Asserted Claims. In addition to building in time for identification of claim terms and multiple rounds of briefing, the Court would need to burden itself with conducting an additional Markman hearing. In the meantime, ecobee would also need to be given an opportunity to substantively address EcoFactor's infringement contentions regarding the Newly Asserted Claims in an additional round of invalidity contentions prior to expert discovery. Rather than disrupt the case schedule to allow EcoFactor's unjustified addition of claims, the Court should strike the Newly Asserted Claims and the Parties should proceed on an orderly schedule towards trial on the remaining Asserted Patents still at issue.

## IV.    Conclusion

For the reasons discussed above, the Court should strike EcoFactor's FICs related to the Newly Asserted Claims.

Dated: September 20, 2022                Respectfully submitted,


*/s/  Timothy J. Carroll*
Timothy J. Carroll
Steven M. Lubezny
VENABLE LLP
227 West Monroe Street, Suite 3950
Chicago, IL 60606
Telephone: (312) 820-3400
Fax: (312) 820-3401
TJCarroll@Venable.com
SMLubezny@Venable.com

Manny J. Caixeiro
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Fax: (310) 229-9901
MJCaixeiro@Venable.com

Daniel A. Apgar
VENABLE LLP
1290 Avenue Of The Americas
New York, NY 10104
Telephone:  (212) 218-2209
Fax: (212) 218-2100
dapgar@venable.com

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Fax: (903) 509-5092
jainsworth@wilsonlawfirm.com

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 20, 2022, with a copy of this document via the Court's CM/ECF.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

<u>*/s/ Jennifer P. Ainsworth*</u>
Jennifer P. Ainsworth