# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br>         Plaintiff, <br><br>     v. <br><br> ECOBEE, INC., <br><br>         Defendant. | Case No. 6:20-cv-00078-ADA <br><br> **JURY TRIAL DEMANDED** |
| ECOFACTOR, INC., <br><br>         Plaintiff, <br><br>     v. <br><br> ECOBEE, INC., <br><br>         Defendant. | Case No. 6:21-cv-00428-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> <u>**LEAD CASE**</u> <br><br> ████████████████ |

**PLAINTIFF ECOFACTOR, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF DEFENDANT ECOBEE, INC.'S EXPERTS DR. SHUKRI SOURI AND MELISSA <u>BENNIS REGARDING NON-INFRINGING ALTERNATIVES</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND............................................................................... 1

III. LEGAL STANDARD FOR NON-INFRINGING ALTERNATIVES ................................ 4

IV. ARGUMENT...................................................................................................... 5

    A. The Conclusory Opinions of ecobee's Experts on "Additional" Non-Infringing Alternatives Should Be Excluded as Unreliable.......................................... 5

    B. The Opinions of ecobee's Experts on "Additional" Non-Infringing Alternatives Should Also Be Excluded as Untimely ...................................... 7

V. CONCLUSION.................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Astrazeneca AB v. Apotex Corp.*,
   782 F.3d 1324 (Fed. Cir. 2015)...................................................................... 5

*Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*,
   648 F. App'x 414 (5th Cir. 2016) ................................................................... 8

*Brown v. AT&T Serv. Inc.*,
   236 F. Supp. 3d 1000 (S.D. Tex. 2017) ......................................................... 8

*Conceptus, Inc. v. Hologic, Inc.*,
   771 F. Supp. 2d 1164 (N.D. Cal. 2010) ...................................................... 5, 7

*DataTreasury Corp. v. Well Fargo & Co.*,
   No. 2:06-cv-72, 2011 WL 8810604 (E.D. Tex. Aug. 2, 2011)........................ 4

*Grain Processing Corp. v. Am. Maize-Products Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)...................................................................... 4

*LaserDynamics, Inc. v. Quanta Comp., Inc.*,
   No. 2:06-CV-348, 2011 U.S. Dist. LEXIS 5422 (E.D. Tex. Jan. 20, 2011).......................... 4, 5

*Maguregui v. ADP, LLC*,
   No. EP-16-CV-121-PRM, 2017 WL 5473484 (W.D. Tex. Apr. 10, 2017)............................. 8

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008)................................................................... 4, 5

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
   No. CV 17-1023, 2020 WL 1283465 (W.D. Pa. Mar. 18, 2020)........................ 5

*Smart Skins, LLC v. Microsoft Corp.*,
   No. 2:15-cv-00544, 2016 WL 4148091 (W.D. Wash. July 1, 2016)..................... 9

*SPEX Techs. v. Apricorn, Inc.*,
   No. CV 16-07349JVS(AGRX), 2020 WL 1289546 (C.D. Cal. Jan. 21, 2020)................. 4, 8, 9

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
   883 F.2d 1573 (Fed. Cir. 1989)................................................................... 4, 5

*TQP Dev. Inc. v. Merrill Lynch & Co., Inc.*,
   No. 2:08-CV-471-WCB, 2012 WL 3283354 (E.D. Tex., Aug 10, 2012)................................ 4

*WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*,
   No. 2:18-CV-529-JLB-NPM, 2022 WL 2751752 (M.D. Fla. July 14, 2022) ................. 4, 5, 6

**Rules**

Federal Rule of Civil Procedure 26 ....................................................... 1, 7, 9

Federal Rule of Civil Procedure 37(c)(1) .................................................... 7

Federal Rule of Evidence 702........................................................................ 1

## I.    INTRODUCTION

Plaintiff EcoFactor, Inc. ("EcoFactor") hereby moves to exclude expert opinions on "additional" non-infringing alternatives by ecobee, Inc.'s ("ecobee") technical expert, Dr. Shukri Souri, and damages expert, Ms. Melissa Bennis, pursuant to Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26 and 37. During fact discovery, EcoFactor served an interrogatory requesting information regarding any alleged non-infringing alternatives that ecobee intended to raise in this action. In response, ecobee stated that it would simply remove or disable any feature found to be infringing, without providing any further specificity. Then, in its rebuttal expert reports, ecobee's non-infringement and damages experts raised for the first time numerous "additional" non-infringing alternatives, without even attempting to establish that these purported alternatives were available and acceptable at the time of the hypothetical negotiation. These conclusory, speculative, and untimely opinions should be excluded.

## II.    FACTUAL BACKGROUND

EcoFactor's Interrogatory No. 11 asked ecobee to:

> ***State the basis for and identify any planned, potential, alleged, or implemented*** design around or ***non-infringing alternative*** of any claim of the Asserted Patents, including any documents that you contend evidence any such potential design-around or non-infringing alternative to the Accused Products, including any analysis of commercial and consumer ***acceptability*** (or lack thereof), ***availability***, ***cost*** of implementation, ***time*** for implementation, implementation ***business impacts***, and ***design*** of any such purported noninfringing alternative or design-around.

Ex. A, ecobee's Third Supp. Resp. to EcoFactor's First Interrogatories, at 27 (emphasis added).

ecobee responded to Interrogatory No. 11 as follows:

> ecobee does not infringe any asserted claims of the patents-in-suit. As such, ecobee has not developed, and is not developing, any 'design around.' ecobee further states that ***to the extent any accused feature it found to be infringing, ecobee would remove or disable that feature and sell its products as noninfringing alternatives***. Indeed, to the extent ecobee can determine the accused features at issue, none of those accused features are essential to the operation of any ecobee thermostat, and

none of the accused features are a primary driver of demand for ecobee's thermostats, if they are considered at all in an ecobee user's purchase decision.

*Id*. at 27-28 (emphasis added).

Despite ecobee failing to identify any specific non-infringing alternative, EcoFactor's infringement expert, Mr. Erik de la Iglesia, addressed in his infringement expert report what were, in his opinion, potential non-infringing alternatives for each asserted patent, opining that these alternatives would not provide the same benefits as the accused features. See Ex. B, Souri Rpt. ¶¶ 535, 538; Ex. C, Bennis Rpt. at 67-68. In his rebuttal report, Dr. Souri addressed the alternatives identified by Mr. de la Iglesia but also identified several "additional" alternatives that were never previously disclosed by ecobee or raised by Mr. de la Iglesia. As to U.S. Patent No. 10,584,890 ("the '890 patent"), Dr. Souri identified four such purported alternatives:

> While I agree that these are two examples of non-infringing alternatives, Mr. de la Iglesia's identification is overly narrow. Indeed, there are numerous other non-infringing alternatives. For instance, an additional non-infringing alternative for the '890 patent would be [1] a thermostat system that changes between home and away settings using occupancy detections based on whether or not a user's device (which may be a location-aware mobile device) is connected to their home Wi-Fi network. Another non-infringing alternative for the '890 patent would be [2] a system that requires a user to manually change between home and away settings, for example using a mobile app on their phone. Yet another non-infringing alternative would be [3] a system that utilizes geofencing without also transmitting the geo-positional data upon which location-based triggers are based. Mr. de la Iglesia further ignores that the '890 claims have required limitations unrelated to the use of geo-positioning data, such as providing a compressor delay circuit. As such, another non-infringing alternative for the '890 patent would be [4] a thermostat system that does not include a compressor delay circuit.

Ex. B, Souri Rpt. ¶ 535. Dr. Souri opined that these alternatives would be quicker and more accurate than the accused features (¶ 536), while still providing the same benefits (¶ 537). As to U.S. Patent Nos. 8,740,100 ("the '100 patent") and U.S. Patent No. 8,751,186 ("the '186 patent"), Dr. Souri again addressed the specific alternatives identified by Mr. de la Iglesia and then raised three "additional" non-infringing alternatives:

> Additional non-infringing alternatives would include [1] systems that determine pre-cooling periods and/or compressor delays without calculating a rate of change in inside temperature, and/or [2] systems that determine pre-cooling periods and/or compressor delays without using outside temperature measurements. Another non-infringing alternative would be [3] a system that supported utility demand response events without performing pre-cooling.

*Id.* ¶ 538. As with the '890 patent, Dr. Souri opined that these "additional" non-infringing alternatives" would provide the same benefits as the accused features identified by Mr. de la Iglesia. *Id.* ¶ 539. For all seven of his "additional" alternatives, Dr. Souri cited no evidence to support his opinions, did not identify what specific changes would be necessary to implement these purported alternatives, identified no existing "system" that implemented these alternatives, offered no evidence that these alternatives had ever been considered by or could be implemented by ecobee, and provided no opinion on the cost of implementing these alternatives.

When asked about these alternatives in his deposition, Dr. Souri was unable or unwilling to identify specific products embodying his proposed alternatives, or any evidence that ecobee ever considered removing the accused features. Ex. D, Souri Tr. at 243:23-252:16. Relying solely upon a "Discussion with Dr. Souri," ecobee's damages expert, Ms. Bennis, provided only the following as her opinion on these new purported alternatives:

> Additionally, I understand that other noninfringing alternatives exist, such as changing the home and away settings based on whether or not a user's device is connected to their home Wi-Fi network, using a mobile app or web portal to manually change between home and away, or not including a compressor delay circuit within the thermostat system.
> . . . .
> I understand from Dr. Souri . . . that additional non-infringing alternatives exist such as systems that determine pre-cooling periods and/or compressor delays without calculating a rate of change in inside temperature and/or using outside temperature measurements, and systems that support utility demand response events without performing pre-cooling.

Ex. C, Bennis Rpt. at 68; *see also id.* at n.363, n.365.[1]

---

[1] Due to scheduling issues, Ms. Bennis has not yet been deposed as of the date of this filing.

III.    **LEGAL STANDARD FOR NON-INFRINGING ALTERNATIVES**

The law requires non-infringing alternatives to be available and acceptable at the time of the hypothetical negotiation. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1581 (Fed. Cir. 1989) (upholding trial court's "decision not to allow [infringer] to rely on the availability of [purported alternatives] to mitigate damages" where infringer presented "no evidence" it could use alternative and "at what cost"); *TQP Dev. Inc. v. Merrill Lynch & Co., Inc.*, No. 2:08-CV-471-WCB, 2012 WL 3283354, at *1 (E.D. Tex., Aug 10, 2012) (citing *Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d 1341, 1353, 1355 (Fed. Cir. 1999)); *LaserDynamics, Inc. v. Quanta Comp., Inc.*, No. 2:06-CV-348, 2011 U.S. Dist. LEXIS 5422, at *7-9 (E.D. Tex. Jan. 20, 2011). In a reasonable royalty case, the accused infringer must prove a non-infringing alternative was available and acceptable at the time of the hypothetical negotiation, *i.e.*, first infringement. *Grain Processing*, 185 F.3d at 1353; *SPEX Techs. v. Apricorn, Inc.*, No. CV 16-07349JVS(AGRX), 2020 WL 1289546, at *2 (C.D. Cal. Jan. 21, 2020) ("The accused infringer bears the burden of proving the existence of non-infringing alternatives."); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011) ("The Court therefore relies on the basic principle that the burden of proving availability of a non-infringing alternative falls on the infringer.").

If an accused infringer's expert fails to substantiate the availability and acceptability of a purported non-infringing alternative, courts routinely exclude such conclusory expert testimony as unreliable. *See, e.g., WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-CV-529-JLB-NPM, 2022 WL 2751752, at *7 (M.D. Fla. July 14, 2022); *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010); *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. CV 17-1023, 2020 WL 1283465, at *8 (W.D. Pa. Mar. 18, 2020).

## IV.     ARGUMENT

### A.     The Conclusory Opinions of ecobee's Experts on "Additional" Non-Infringing Alternatives Should Be Excluded as Unreliable

A non-infringing alternative must be commercially acceptable and available at the time of the hypothetical negotiation. *Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340-41 (Fed. Cir. 2015); *Mars*, 527 F.3d at 1372-73. ecobee bears the burden of establishing the availability and acceptability of such alleged alternatives, and expert opinions must be excluded as unreliable unless they are based on sufficient facts or data establishing such availability and acceptability. *See, e.g.*, *Mars*, 527 F.3d at 1373; *LaserDynamics*, 2011 WL 197869, at *2; *WhereverTV*, 2022 WL 2751752, at *7. Such opinions must be supported by evidence, including evidence of the cost of implementing an alleged non-infringing alternative. *State Indus.*, 883 F.2d at 1581 (upholding trial court's "decision not to allow [infringer] to rely on the availability of [purported alternatives] to mitigate damages" where infringer presented "no evidence" it could use the alternative and no evidence regarding "at what cost"); *WhereverTV*, 2022 WL 2751752, at *7 ("Using 'vague and general language' that does not identify proposed non-infringing alternatives by name . . . 'is not a substitute for its obligation to identify alleged acceptable non-infringing alternatives.' Not only must the proposed alternatives be specifically noted, but their availability and acceptability must also be substantiated with record evidence." (citations omitted)).

Dr. Souri provided no such evidence or analysis. His report does not identify by name any supposed alternative that was available and acceptable at the time of the hypothetical negotiation. *See* Ex. B, Souri Rpt. ¶¶ 535-39. Nor does he explain what changes to the accused products would be necessary to implement any of his "additional" non-infringing alternatives. *Id*. Dr. Souri cites to no evidence of the availability, acceptability, or cost of his proposed alternatives, nor did ecobee provide any such information in its interrogatory response.

For example, Dr. Souri asserts without explanation that "an additional non-infringing alternative for the '890 patent would be a thermostat system that changes between home and away settings using occupancy detections based on whether or not a user's device (which may be a location-aware mobile device) is connected to their home Wi-Fi network." Ex. B, Souri Rpt. ¶ 536. Dr. Souri does not establish (or even allege) that such a system was available and acceptable at the time of the hypothetical negotiation, nor does he explain how such a system would be implemented and at what cost. The same is true of the other "additional" alternatives raised by Dr. Souri. *See id*. ¶¶ 536, 538 (listing without any explanation such "additional" alternatives as "a system that utilizes geofencing without also transmitting the geo-positional data upon which location-based triggers are based" and "systems that determine pre-cooling periods and/or compressor delays without calculating a rate of change in inside temperature").

Put simply, Dr. Souri's conclusory listings of "additional" non-infringing alternatives do not amount to reliable expert opinions. Dr. Souri's vague mentions of hypothetical systems would not assist the trier of fact because the question before the jury is whether such a system—even assuming it were non-infringing—was available and commercially acceptable at the time of the hypothetical negotiation. Ms. Bennis does not provide any further explanation or evidence. Instead, she relies solely on her conversation with Dr. Souri regarding his purported "additional" alternatives and provides no analysis of their economic acceptability. Ex. C, Bennis Rpt. at 68.

The Court should exclude these unreliable opinions. The Middle District of Florida's approach in *WhereverTV* is illustrative. There, the court allowed the expert of defendant Comcast to testify about two specific non-infringing alternatives for which he provided evidence of availability and acceptability, including testimony from a Comcast employee. The expert "described in specific terms how Comcast could implement both of these models by reconfiguring

the X1 device using technologies and materials in existence at the time of the hypothetical royalty negotiation." *WhereverTV*, 2022 WL 2751752, at *7. However, the court excluded testimony from the same expert about other alternatives for which—like Dr. Souri's "additional" alternatives here—he provided no such detail. The court explained that "[n]ot only must the proposed alternatives be specifically noted, but their ***availability and acceptability must also be substantiated with record evidence***." *Id*. (emphasis added) (citing *Conceptus*, 771 F. Supp. 2d at 1179). Concluding that such conclusory testimony would not be allowed, the court further explained that "[w]ithout ***research-and-development documentation, deposition testimony, or sworn declarations*** attesting to the potential existence of these many other alternatives, a factfinder would be left to guess at Comcast's design and implementation capabilities," such that "[n]o amount of cross-examination could cure this ***fundamental lack of reliability***." *Id*. (emphasis added, internal quotation marks omitted).

ecobee should not be allowed to offer conclusory expert opinions that ignore the evidentiary burdens governing non-infringing alternatives. These opinions should be excluded.

**B.    The Opinions of ecobee's Experts on "Additional" Non-Infringing Alternatives Should Also Be Excluded as Untimely**

As a second independent basis, ecobee's expert opinions on "additional" non-infringing alternatives should be excluded as untimely. Pursuant Fed. R. Civ. P. 26, ecobee was required to identify all responsive information in response to EcoFactor's interrogatories, and to seasonably supplement its responses with any new information. Rule 37(c)(1) addresses sanctions for failing to disclose and states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016). The party facing sanctions

7

has the burden of demonstrating that a violation of Rule 26 was substantially justified or harmless. *See, e.g., Maguregui v. ADP, LLC*, No. EP-16-CV-121-PRM, 2017 WL 5473484, at *2 (W.D. Tex. Apr. 10, 2017); *Brown v. AT&T Serv. Inc.*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. 2017).

ecobee failed to identify any specific alternatives in its response to Interrogatory No. 11, nor did ecobee provide any of the requested information regarding the commercial and consumer acceptability of any alternative. If ecobee intended to raise purported non-infringing alternatives, it was required to provide a substantive response to EcoFactor's request. ecobee's failure to do so deprived EcoFactor of the ability to inquire during discovery into the existence of any evidence of the "availability, cost of implementation, time for implementation, implementation business impacts, and design of any such purported noninfringing alternative." Ex. A at 27.

ecobee's failure to disclose its "additional" alternatives first disclosed in its rebuttal expert reports is neither harmless nor justified. Neither Dr. Souri nor Ms. Bennis identify any reason these alternatives could not have been identified during fact discovery. And because these alternatives were not identified then, EcoFactor's experts were unable to opine on the availability or acceptability of these alternatives in their opening reports. The fact that these alternatives were ultimately disclosed in ecobee's expert's rebuttal reports is insufficient to address ecobee's failure to disclose these alternatives during fact discovery. And even setting aside ecobee's discovery non-compliance, ecobee should have included any opinions on alleged non-infringing alternatives in its opening expert reports. In *SPEX*, for example, specific alternatives were disclosed in an interrogatory response (unlike here) and were mentioned in the defendant's opening reports, but detailed expert opinions were not provided until defendant's rebuttal report. The court held that those rebuttal opinions lacked evidentiary support, but even had they been more than conclusory, they were untimely. *SPEX*, 2020 WL 1289546, at *3 ("[Defendant] had the burden of going

forward with non-infringing alternatives. Its less than complete disclosures in its rebuttal reports failed to meet its obligations under Rule 26 (a) and (e). . . . Rebuttal disclosures, even if substantively sufficient were outside the ken of proper rebuttal."); *see also Smart Skins, LLC v. Microsoft Corp.*, No. 2:15-cv-00544, 2016 WL 4148091, at * 2 (W.D. Wash. July 1, 2016).

Further, ecobee has made it clear that it will object to any trial testimony by EcoFactor's experts regarding these purported alternatives. At his deposition, ecobee's counsel questioned Mr. de la Iglesia about some but not all of Dr. Souri's "additional" alternatives. de la Iglesia Tr. at 145:2-157:20. On redirect, EcoFactor's counsel asked Mr. de la Iglesia about the remaining "additional" alternatives that ecobee's counsel had skipped. ecobee objected to this redirect questioning as "outside the scope of the report and improper" and "untimely," "[o]utside the scope of his report," and an "improper attempt to obtain rebuttal testimony." *Id*. at 227:14-229:20. These objections make clear that ecobee intends to exacerbate its failure to disclose non-infringing alternatives in both fact discovery and its opening reports (which is already improper and unfairly prejudicial) by having its expert provide opinions to the jury that ecobee will argue cannot be rebutted by EcoFactor. This would be fundamentally unfair and should not be allowed.

## V.    CONCLUSION

For the foregoing reasons, the Court should exclude the opinions of Dr. Souri and Ms. Bennis on purported "additional" non-infringing alternatives that were not disclosed in fact discovery and were not raised in Mr. de la Iglesia's infringement expert report. If the Court elects not to exclude these opinions, EcoFactor's experts should at least be permitted to testify about these alternatives as well. Should the Court believe that can only be done if such opinions are included in EcoFactor's expert reports, then Mr. de la Iglesia (infringement) and Mr. Kennedy (damages) should be permitted to provide supplemental reports addressing the untimely and conclusory theories of ecobee's experts regarding "additional" non-infringing alternatives.

Date: December 30, 2022                    Respectfully submitted,


                                           */s/ Reza Mirzaie*
                                           Reza Mirzaie
                                           Marc A. Fenster
                                           Kristopher Davis
                                           James Pickens
                                           Minna Chan
                                           Jason Wietholter
                                           **Russ August & Kabat**
                                           12424 Wilshire Boulevard, 12th Floor
                                           Los Angeles, CA 90025
                                           Telephone: (310) 826-7474

                                           Matthew D. Aichele
                                           **Russ August & Kabat**
                                           800 Maine Ave SW, Suite 200
                                           Washington, DC. 20024
                                           Telephone: (202) 664-0623

                                           *Attorneys for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF CONFERENCE**

I certify that my firm, including my colleague James Pickens and I, conferred with Defendant's counsel regarding the foregoing Motion on Tuesday, December 28, 2022, following email correspondence identifying the proposed relief. Defendant's counsel confirmed that their client opposes the requested relief.

*/s/ Kristopher R. Davis*
Kristopher R. Davis

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 30, 2022, with a copy of this document via the Court's CM/ECF.

*/s/ Kristopher R. Davis*
Kristopher R. Davis