PUBLIC VERSION

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 6:20-cv-00078-ADA <br><br> **JURY TRIAL DEMANDED** |
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 6:21-cv-00428-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> **<u>LEAD CASE</u>** <br><br> ▬▬▬▬▬▬ |

**PLAINTIFF ECOFACTOR, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF ECOBEE'S DAMAGES EXPERT MICHELE RILEY**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Ms. Riley's Discussion of Economically Non-Comparable Transactions and Valuations Should Be Excluded ........................................................................ 1

        1. The Trane Asset Purchase Agreement ................................................... 1

        2. The Bidgely Collaboration Agreement .................................................. 5

        3. Common Stock Valuations ..................................................................... 5

III. CONCLUSION ................................................................................................................ 6

## **TABLE OF AUTHORITIES**

**Cases**

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010) ................................................................................................. 1

*General Electric Co. v. Joiner*,
  522 U.S. 136 (1997) .................................................................................................................. 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ..................................................................................................... 2

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ............................................................................................ 2, 4

*Mformation Techs., Inc. v. Rsch. in Motion Ltd.*,
  No. C 08-04990 JW, 2012 WL 2339762 (N.D. Cal. June 7, 2012) .......................................... 6

*ProTradeNet, LLC v. Predictive Profiles, Inc.*,
  No. 6:18-CV-00038-ADA, 2019 WL 6499488 (W.D. Tex. Oct. 11, 2019) .............................. 4

*Uniloc U.S.A. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ................................................................................................. 1

**Rules**

Federal Rule of Evidence 702 ......................................................................................................... 1

**I.      INTRODUCTION**

Plaintiff EcoFactor, Inc. ("EcoFactor") hereby moves to exclude expert opinions of ecobee, Inc. ("ecobee")'s damages expert Michele Riley, pursuant to Federal Rule of Evidence 702.[1]  Ms. Riley relies on transactions and valuations that she admits are not comparable to the hypothetical negotiation.  Among other non-comparable inputs, she relies on an asset purchase agreement that expressly states that none of the consideration provided therein is related to patent rights, and a patent license that is a sub-part of this larger deal and that includes no royalty provision at all.  Ms. Riley also relies on a one line "valuation" of EcoFactor's entire patent portfolio made in the context of this non-comparable transaction, and then asserts without evidence that this document shows what EcoFactor would accept for any one of its patents.

Ms. Riley's opinions are contrary to law and the record, and methodologically deficient. These opinions should therefore be excluded.

**II.      ARGUMENT**

**A.      Ms. Riley's Discussion of Economically Non-Comparable Transactions and Valuations Should Be Excluded**

**1.      The Trane Asset Purchase Agreement**

For a damages expert, such as Ms. Riley, to present evidence of an agreement as part of her damages opinion, the Federal Circuit requires that "there must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue in the case." *Uniloc U.S.A. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) ("[U]se of past patent

---

[1] Ms. Riley is ecobee's damages expert in Case No. 6:20-cv-00078-ADA ("the -78 case"), which was consolidated with Case No. 6:21-cv-00428-ADA in July 2022.  Pursuant to the Court's December 29, 2022 guidance, EcoFactor is repackaging its previously filed motion directed to Ms. Riley's opinions (Dkt. No. 94) to remove portions relating to U.S. Patent No. 10,534,382, which is no longer at issue here.  *See* Dkt. No. 144.

licenses under factors 1 and 2 must account for differences in the … economic circumstances of the contracting parties."). It is Ms. Riley's (and ecobee's) burden to establish the economic comparability of the agreements on which she relies. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009). Moreover, "[w]hen relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability … does not suffice." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012).

In her report, Ms. Riley criticizes EcoFactor's damages expert David Kennedy for not addressing an asset purchase agreement between Trane U.S., Inc. ("Trane") and EcoFactor, presumably because the agreement included a patent license and covenant not to sue among its many sub-parts. Ex. A, October 22, 2021 Expert Rebuttal Report on Damages, Michele M. Riley ("Riley Rpt.") ¶ 47.[2]  Ms. Riley claims that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

By ▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓ Ms. Riley is referring to the purchase price in the asset agreement of ▓▓▓▓▓▓▓. But even Ms. Riley admits that the acquisition included "EcoFactor ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* ¶ 45. And the Asset Purchase Agreement

---

[2] Unless indicated otherwise, all citations to exhibits herein are to the Declaration of Reza Mirzaie in support of this motion.

2

is clear that the ▮▮▮▮▮ is consideration only for the purchased assets, not for any patent rights. Ex. B, EF_0665732-EF_0666057[3] at EF_0665737-738, Section 2.1 (defining ▮▮▮▮▮ as including software software, documentation, copyrights, and trade secrets); *id.* at EF_0665738, Section 2.2 (noting ▮▮▮▮▮ and defining ▮▮▮▮▮ as ▮▮▮▮▮); *id.* at EF_0665739, Section 3.1 ▮▮▮▮▮) (emphasis added).

The patent license itself is an exhibit to the Asset Purchase Agreement, required for closing of the overall deal. *Id.* at EF_0665741. Section 4.2(c) (requiring for the closing of the Asset Purchase Agreement ▮▮▮▮▮); EF_0665797 (attaching the Patent License Agreement as Exhibit D to the Asset Purchase Agreement; EF_0665798 ▮▮▮▮▮). ▮▮▮▮▮. And Ms. Riley admits that the license is not comparable to that at the hypothetical negotiation. Ex. C, November 5, 2021 Deposition of Michele Riley ("Riley Dep.") at 63:19-64:5.

Ms. Riley opines that the Trane agreement contains relevant evidence of a reasonable royalty, but admits that it is not a comparable agreement. It is an asset purchase agreement, with all payments provided for therein ▮▮▮▮▮ The license at issue in the hypothetical negotiation, on the other hand,

---

[3] Ms. Riley cites to the version of this document produced by Trane in an ITC matter. As this document was not produced in this case, EcoFactor here cites to a version produced in this case, which is otherwise identical.

3

would not be one subpart of a much larger deal, and thus cannot be comparable to the Trane agreement. A license "directed to a large collaboration far more complicated than the patent" is not comparable to one involving only "the patent covering the infringing ... tool at issue." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329, n.7 (Fed. Cir. 2009).

Moreover, Ms. Riley's claim that the consideration for Trane's purchase of assets is evidence of what EcoFactor would accept to license the patents in suit is untethered to the facts of the case, as patent rights are expressly excluded from the definition of these assets. "There is simply too great an analytical gap between the data and the opinion proffered." *ProTradeNet, LLC v. Predictive Profiles, Inc.*, No. 6:18-CV-00038-ADA, 2019 WL 6499488, at *2 (W.D. Tex. Oct. 11, 2019), quoting *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). Ms. Riley's opinions on the Trane agreement should therefore be excluded.

In addition, as part of this opinion, Ms. Riley discusses a presentation apparently made by EcoFactor to Trane during the negotiation of the Asset Purchase Agreement. Riley Rpt. ¶ 48. As part of this presentation, EcoFactor valued its patent portfolio at ▅▅▅▅▅▅▅▅. *Id.* Ms. Riley conducts an analysis whereby she divides this number by the number of EcoFactor's issued patents and pending patent applications, to conclude that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ *Id.* ¶¶ 48-49. This analysis suffers from the same deficiencies as Ms. Riley's larger analysis of the Trane Asset Purchase Agreement: the ▅▅▅▅▅▅ figure was provided in the context of negotiations for a non-comparable agreement. Moreover, there are no facts supporting Ms. Riley's conclusion that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ any one of EcoFactor's patents could be purchased for ▅▅▅▅▅▅ ▅▅▅▅▅▅. *Id.* ¶ 49. *See also* Riley Dep. at 64:6-10 (claiming the valuation ▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅). Ms. Riley admits that the valuation is not

4

even an offer to sell EcoFactor's portfolio for ▇▇▇▇▇▇▇ outside the context of a larger deal. Riley Dep. at 66:3-8. The presentation is thus certainly not an offer to sell any one EcoFactor patent at any price. And Ms. Riley provides no evidence whatsoever supporting the assumption inherent in her calculation that EcoFactor placed equal value on all of its patents and patent applications. This opinion, based on assumptions unsupported by facts and a document provided as part of a non-comparable transaction, should be excluded as well.

### 2. The Bidgely Collaboration Agreement

Ms. Riley also uses what she calls a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to criticize Mr. Kennedy's opinion. Riley Rpt. ¶ 50. But Ms. Riley herself describes the agreement as a ▇▇▇▇▇▇▇▇▇▇▇ under which EcoFactor retained Bidgely to act as an account manager of EcoFactor's contract with Nevada Energy, and admits that a patent license is provided as part of that agreement solely to enable Bidgely provide these services. *Id.* Ms. Riley does not contend that this agreement is comparable to the hypothetical negotiation. Riley Dep. at 70:18-71:2. Ms. Riley should therefore be prohibited from opining at trial that the Bidgely agreement is relevant to damages in this case, and even more importantly should be prohibited from presenting the agreement as a relevant ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, as she calls it in her report.

### 3. Common Stock Valuations

Ms. Riley also relies on ▇▇▇▇ valuations of EcoFactor's common stock dating from 2017 and 2020, opining that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Riley Rpt. ¶¶ 161-162. Reliance on valuation of a company as a whole is not an acceptable method of valuing that company's patents. *See Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C 08-04990 JW,

2012 WL 2339762, at *5 (N.D. Cal. June 7, 2012) (valuation of possible target for acquisition not admissible insofar as they speak not to the value of the particular patent at issue, but rather to the possible valuation of the company as a whole). It is particularly problematic in this case, as the valuations on which Ms. Riley relies expressly state that they do not account for EcoFactor's assets or income. Ex. D, EF_0895548 at 0895557 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. They are instead based on the high-level financial results of ▬▬▬▬ companies. Riley Dep. at 104:1-105:24. There is no evidence that these results are related to these companies' patent holdings, or that these companies' patent holdings are in any way comparable to EcoFactor's. Riley Dep. at 85:25-86:8. There is therefore no basis whatsoever for Ms. Riley's reliance on this valuation to cap the value of EcoFactor's patents.

### III. CONCLUSION

For the foregoing reasons, the Court should exclude Ms. Riley's rebuttal opinions relying on non-comparable agreements and valuations at paragraphs 44-50 and parts of paragraph 12 and 43 should be excluded.

Date: December 30, 2022                              Respectfully submitted,

                                                     /s/ Reza Mirzaie
                                                     Reza Mirzaie
                                                     Marc A. Fenster
                                                     Kristopher Davis
                                                     James Pickens
                                                     Minna Chan

Jason Wietholter
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Matthew D. Aichele
**Russ August & Kabat**
800 Maine Ave SW, Suite 200
Washington, DC. 20024
Telephone: (202) 664-0623

*Attorneys for Plaintiff EcoFactor, Inc.*

## CERTIFICATE OF CONFERENCE

I certify that my firm, including my colleague Jason Wietholter and I, conferred with Defendant's counsel regarding the foregoing Motion to Exclude on November 16, 2021. Defendant's counsel confirmed that their client opposes the requested relief.

*/s/ Kristopher R. Davis*
Kristopher R. Davis

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 30, 2022, with a copy of this document via the Court's CM/ECF.

*/s/ Kristopher R. Davis*
Kristopher R. Davis
