PUBLIC VERSION

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ECOBEE, INC.,<br><br>    Defendant. | Case No. 6:20-cv-00078-ADA<br><br>**JURY TRIAL DEMANDED** |
| ECOFACTOR, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ECOBEE, INC.,<br><br>    Defendant. | Case No. 6:21-cv-00428-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**<u>LEAD CASE</u>** |

**PLAINTIFF ECOFACTOR, INC.'S MOTION FOR SUMMARY JUDGMENT OF<br><u>DEFENDANT ECOBEE, INC.'S AFFIRMATIVE DEFENSES</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. LEGAL STANDARD ..................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 3

    A. There Is No Genuine Dispute of Material Fact as to Portions of ecobee's Second Defense (Invalidity and Unenforceability) ............................................. 3

    B. There Is No Genuine Dispute of Material Fact as to ecobee's Third, Fourth, and Eighth Defenses (Prosecution History Estoppel/Disclaimer, Lack of Standing, Prosecution Laches) ........................................................... 3

    C. There Is No Genuine Dispute of Material Fact as to ecobee's Sixth Defense (Equitable Defenses) ................................................................................ 4

    D. There Is No Genuine Dispute of Material Fact as to ecobee's Seventh Defense (Estoppel and Preclusion Defenses) .................................................... 5

V. CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, Inc.,
  477 U.S. 242 (1986) ............................................................................................... 2, 4

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
  157 F.3d 1340 (Fed. Cir. 1998) .................................................................................. 4

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) .................................................................................................. 2

*Hobbs v. McLean*,
  117 U.S. 567 (1886) .................................................................................................. 5

Ragas v. Tenn. Gas Pipeline Co.,
  136 F.3d 455 (5th Cir. 1998) .................................................................................... 2

*Swagway, LLC v. Int'l Trade Comm'n*,
  923 F.3d 1349 (Fed. Cir. 2019) ................................................................................. 5

*Tex. Instruments Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996) ................................................................................... 5

*Tex. Instruments Inc. v. Int'l Trade Comm'n,*
  851 F.2d 342 (Fed. Cir. 1988) ................................................................................... 5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ................................................................................. 4

**Statutes**

35 U.S.C. § 101 ............................................................................................................. 1, 3

35 U.S.C. § 112 ............................................................................................................. 1, 3

35 U.S.C. § 116 ............................................................................................................. 1, 3

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56 Plaintiff EcoFactor, Inc. ("EcoFactor") respectfully moves for summary judgment as to numerous defenses asserted by Defendant ecobee, Inc. ("ecobee") in its Answer (Dkt. No. 19) that ecobee cannot present at trial but refuses to formally withdraw. As further detailed below, each of these defenses has already been decided by the Court, was ignored in ecobee's expert reports, or has never been pursued by ecobee since the outset of this case. ecobee should not be permitted to waste the Court's time and resources (let alone EcoFactor's by forcing it to file this motion) with meritless boilerplate defenses.

**II.     FACTUAL BACKGROUND**

On August 30, 2021, ecobee filed its Answer in this action, asserting eight categories of defenses, many of which include multiple separate defenses therein. Dkt. 19 at 9-11. This laundry list amounts to 17 separate defenses that ecobee has refused to withdraw. Below are those 17 defenses, which are the subject of this motion:

- Second Defense: Invalidity
    - Invalidity due to obviousness-type double patenting
    - Invalidity under 35 U.S.C. § 101
    - Invalidity due to enablement under 35 U.S.C. § 112
    - Invalidity due to indefiniteness under 35 U.S.C. § 112
    - Unenforceability under 35 U.S.C. § 116
- Third Defense: Prosecution history estoppel and disclaimer
- Fourth Defense: Lack of standing
- Sixth Defense: Equitable Defenses
    - Unclean hands
    - Waiver
    - Estoppel
    - Laches
    - Disclaimer
    - Patent misuse
- Seventh Defense: Estoppel and preclusion
    - Collateral estoppel / issue preclusion
    - Res judicata / claim preclusion
    - Kessler doctrine
- Eighth Defense: Prosecution laches

1

On March 22, 2022, this Court held a *Markman* Hearing in this action, during which the Court confirmed that its preliminary constructions would be adopted, thus rejecting all of the indefiniteness arguments raised by ecobee. *See* Dkt. No. 37.

On November 7, 2022, ecobee served the opening expert report of Dr. Brian D'Andrade regarding alleged invalidity, which did not address any of ecobee's 17 defenses identified above. *See* Ex. A (D'Andrade Rpt.) at i-vi.

On December 6, 2022, ecobee served the rebuttal expert reports of Dr. Shukri Souri (non-infringment) and Ms. Melissa Bennis (damages), which did not address any of ecobee's 17 defenses identified above. *See* Ex. B (Bennis Rpt.) at Table of Contents.[1]

On December 21, 2022, EcoFactor emailed ecobee with the list of identified defenses to request confirmation that ecobee no longer intended to pursue any of them. *See* Ex. C (EcoFactor's 12/21/2022 Email). As of this filing—nine days after EcoFactor's email and 16 months after ecobee filed its Answer—ecobee still has not confirmed which of these 17 defenses, if any, it still intends to pursue.

## III.  LEGAL STANDARD

A motion for summary judgment shall be granted when the record demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] Dr. Souri's report does not include a table of contents. For efficiency's sake, EcoFactor is not attaching Dr. Souri's report to this filing because it exceeds 200 pages but confirms that it does not address these defenses.

## IV. ARGUMENT

### A. There Is No Genuine Dispute of Material Fact as to Portions of ecobee's Second Defense (Invalidity and Unenforceability)

Summary judgment is appropriate as to the invalidity and unenforceability defenses listed above because (1) the Court previously adjudicated ecobee's indefiniteness arguments during claim construction, and (2) ecobee's expert on invalidity did not address any of these issues in his report. The Court already rejected ecobee's indefiniteness arguments during claim construction. *See* Dkt. Nos. 26, 27, 29, 32, 34, 37. Consistent with these rulings, ecobee did not raise any indefiniteness argument in the invalidity expert report of Dr. D'Andrade. *See* Ex. A (D'Andrade Rpt.) at i-vi. Indeed, Dr. D'Andrade submitted an expert report setting forth all of his opinions regarding invalidity but raised no argument or dispute as to the following five ecobee defenses, all of which are sub-parts of the "Second Defense" in ecobee's Answer: (1) invalidity due to obviousness-type double patenting; (2) invalidity under 35 U.S.C. 101; (3) invalidity due to enablement under 35 U.S.C. 112; (4) invalidity due to indefiniteness under 35 U.S.C. 112; (5) unenforceability under 35 U.S.C. 116. Any such arguments have now been waived and cannot be presented at trial through any witness. There is thus no genuine dispute as to any material fact on these issues, and summary judgment in EcoFactor's favor is therefore appropriate.

### B. There Is No Genuine Dispute of Material Fact as to ecobee's Third, Fourth, and Eighth Defenses (Prosecution History Estoppel/Disclaimer, Lack of Standing, Prosecution Laches)

Summary judgment in EcoFactor's favor is also appropriate as to ecobee's Third Defense (prosecution history estoppel and disclaimer), Fourth Defense (lack of standing), and Eighth Defense (prosecution laches).

If ecobee intended to raise a prosecution history estoppel/disclaimer defense, it presumably would have done so in its claim construction briefing or the non-infringement expert report of Dr.

Souri. ecobee did not do so, such that there is no genuine factual dispute precluding summary judgment on ecobee's Third Defense.

Similarly, ecobee has never raised any argument regarding EcoFactor's standing to bring this action—not in this litigation nor in any other litigation between the parties since 2019. This is because EcoFactor owns all right, title, and interest in each asserted patent, including the right to sue for past damages. As this is undisputed, summary judgment as to ecobee's Fourth Defense should be granted in EcoFactor's favor.

The same can be said for ecobee's boilerplate prosecution laches defense. ecobee has not pursued such a defense in this litigation or any other between the parties. ecobee has not adduced any facts or evidence to support this defense, so there can be no genuine dispute of material fact. Summary judgment in EcoFactor's favor should therefore be granted.

### C. There Is No Genuine Dispute of Material Fact as to ecobee's Sixth Defense (Equitable Defenses)

Throughout this action, ecobee has not adduced any facts or evidence that would support a jury's verdict in ecobee's favor as to its equitable defenses, all of which are sub-parts of the "Sixth Defense" in ecobee's Answer: (1) unclean hands; (2) waiver; (3) estoppel; (4) laches; (5) disclaimer; (6) patent misuse. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Equitable defenses such as these have strict requirements that must be met with very specific facts. *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285-87 (Fed. Cir. 2011) (recognizing that the doctrine of unclean hands contemplates "egregious affirmative acts of misconduct intended to deceive both the PTO and the courts"); *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) (noting that patent misuse "relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage"); *Hobbs v. McLean*, 117 U.S.

567, 580 (1886) ("An equitable estoppel is raised when there is some intended deception in the conduct or declarations of the party to be estopped."). ecobee has not pursued these defenses beyond including them among a list of boilerplate defenses in its Answer—and yet refuses to confirm whether it still intends to pursue any of them. Because there are no facts or evidence to support these defenses, there is no genuine dispute as to any material fact and summary judgment should be granted in EcoFactor's favor.

> **D.    There Is No Genuine Dispute of Material Fact as to ecobee's Seventh Defense (Estoppel and Preclusion Defenses)**

Finally, there is no genuine dispute of material fact as to ecobee's "Seventh Defense," which includes the following defenses as sub-parts: (1) collateral estoppel / issue preclusion; (2) res judicata / claim preclusion; and (3) Kessler doctrine. ecobee does not present any such defense in any expert reports and has not identified any factual dispute on these issues to date. ecobee has not raised—and knows that it cannot raise—any estoppel/preclusion defense based on the parties' prior litigation matters before the International Trade Commission. *See, e.g.*, *EcoFactor, Inc. v. ecobee, Inc.*, Case No. 6:22-cv-00033-ADA, Dkt. No. 46 at 7 (Aug. 22, 2022) (this Court noting in another case involving the parties here that the ITC's findings in Investigation No. 337-TA-1185 have "no preclusive effect"); *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) (stating that "Congress did not intend decisions of the ITC on patent issues to have preclusive effect" and affirming district court's refusal to give preclusive effect to a prior determination by the ITC even where the Federal Circuit had affirmed the ITC's determination); *Swagway, LLC v. Int'l Trade Comm'n*, 923 F.3d 1349 (Fed. Cir. 2019) (same quotation, vacated in part on other grounds); *see also Tex. Instruments Inc. v. Int'l Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1988) ("the ITC's determinations regarding patent issues should be given no *res judicata* or collateral estoppel effect"). Because there are no facts or evidence to

support them, summary judgment should be granted in EcoFactor's favor as to ecobee's estoppel and preclusion defenses.

## V.      CONCLUSION

Because all 17 of the defenses identified herein have already been adjudicated, were dropped by ecobee during the course of this case, or have never been pursued beyond including them in a boilerplate list of defenses in ecobee's Answer, this Court should grant summary judgment in EcoFactor's favor as to the above-listed defenses.

Date: December 30, 2022                           Respectfully submitted,

                                                                  */s/ Reza Mirzaie*
                                                                  Reza Mirzaie
                                                                  Marc A. Fenster
                                                                  Kristopher Davis
                                                                  James Pickens
                                                                  Minna Chan
                                                                  Jason Wietholter
                                                                  **Russ August & Kabat**
                                                                  12424 Wilshire Boulevard, 12th Floor
                                                                  Los Angeles, CA 90025
                                                                  Telephone: (310) 826-7474

                                                                  Matthew D. Aichele
                                                                  **Russ August & Kabat**
                                                                  800 Maine Ave SW, Suite 200
                                                                  Washington, DC. 20024
                                                                  Telephone: (202) 664-0623

                                                                  *Attorneys for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 30, 2022, with a copy of this document via the Court's CM/ECF.

*/s/ Kristopher R. Davis*
Kristopher R. Davis
