# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 6:20-cv-00078-ADA <br><br> **JURY TRIAL DEMANDED** |
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No. 6:21-cv-00428-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> <u>**LEAD CASE**</u> |

## <u>JOINT PRETRIAL ORDER</u>

Plaintiff EcoFactor, Inc. ("EcoFactor") and Defendant ecobee, Inc. ("ecobee")[1] hereby submit the following proposed Joint Pre-Trial Order pursuant to the Court's Scheduling Order (Dkt. No. 31), the Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Federal Rules of Civil Procedures, and Local Rules of this Court. The parties have stipulated to various matters identified herein and having identified exhibits, witnesses, factual contentions, and triable issues:

It is hereby ORDERED as follows:

---

[1] ecobee, Inc. was recently acquired by Generac Holdings Inc. After the acquisition, ecobee, Inc. became ecobee Technologies ULC d/b/a ecobee, which is now the entity that makes, uses, offers for sale and/or sells the products at issue.

I.          **APPEARANCES OF COUNSEL**

The parties' appearances of counsel are provided below and (in identical form) in accompanying **Exhibit A**.

**A.      Attorneys for EcoFactor**
Reza Mirzaie
Marc A. Fenster
James N. Pickens
Kristopher R. Davis
Minna Y. Chan
Matthew Aichele
Adam S. Hoffman
Jason M. Wietholter
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
rak_ecofactor@raklaw.com

**B.      Attorneys for ecobee**
Jennifer P. Ainsworth
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509-5000 Main
(903) 509-5001 Direct
(903) 509-5092 Fax

Timothy J. Carroll
tjcarroll@venable.com
Steve M. Lubezny
smlubezny@venable.com
VENABLE LLP
227 West Monroe Street, Suite 3950
Chicago, IL 60606
Phone: 312-820-3400
Fax: 312-820-3401

Manny J. Caixeiro
MJCaixeiro@venable.com
VENABLE, LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Phone: 310-229-9900

Fax: 310-229-9901

Megan S. Woodworth
mswoodworth@venable.com
VENABLE LLP
600 Massachusetts Ave NW
Washington, DC 20001

Daniel A. Apgar
DApgar@Venable.com
VENABLE LLP
1290 Avenue of the Americas, 20th Floor
New York, NY 10104

## II.          JOINT STATEMENT OF THE CASE

The parties' joint statement of the case is provided below and (in identical form) in accompanying **Exhibit B**.

This is an action for patent infringement. EcoFactor accuses Ecobee of infringing:

- Claims 1, 2, 8 and 10 of U.S. Patent No. 8,738,327 ("the '327 patent"),

- Claims 1, 2 and 7 of U.S. Patent No. 8,751,186 ("the '186 patent"), and

- Claims 1, 2, 3, 4, 5, 6, 10 and 11 of U.S. Patent No. 10,584,890 ("the '890 patent")

by making, using, selling, offering for sale, and/or importing into the United States the Accused Products. EcoFactor additionally alleges that Defendant's infringement is willful. EcoFactor seeks an injunction, and damages of no less than a reasonable royalty for Defendant's infringement, together with interest and costs, as well as enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285.

ecobee denies that is has infringed, or currently infringes, any of the asserted claims, directly or indirectly, and also denies that any of the alleged infringement was or is willful.  ecobee further contends that all of the asserted claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, including, without limitation, because they are anticipated and/or rendered obvious by prior art, are directed to patent-ineligible subject matter, and fail the written description, enablement,

and/or definiteness requirements. ecobee thus denies that EcoFactor is entitled to any relief whatsoever.

To the extent any asserted claim of any asserted patent is found to be infringed, enforceable, and not invalid, ecobee disputes EcoFactor's assertions of what constitutes a reasonable royalty, whether it is appropriately measured as a per unit royalty or lump sum, the underlying methodology used by EcoFactor, and whether EcoFactor is entitled to a running or future royalty. ecobee disputes that EcoFactor is entitled to enhanced damages, interest, costs, attorneys' fees in this case, equitable relief, or an injunction.

## III.        CONTENTIONS OF THE PARTIES

The contentions of the parties are provided below and (in identical form) in accompanying **Exhibit C**.

### A.        EcoFactor's Contentions

The contentions below do not include every detail underlying each contention. EcoFactor does not waive any of its pending motions, including any motions in *limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other already pending and future motions or objections it may file.

1. The '327 patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2014.

2. The '327 patent claims priority to Provisional Application No. 60/994,011 filed on September 17, 2007, and thus is entitled to this priority date.

3. The '186 patent was duly and legally issued by the United States Patent and Trademark Office on June 10, 2014.

4. The '186 patent claims priority to Provisional Application No. 60/994,011 filed on September 17, 2007, and thus is entitled to this priority date.

5. The '890 patent was duly and legally issued by the United States Patent and Trademark Office on March 10, 2020.

4

6.  The '890 patent claims priority to Application No. 12/788,246 filed on May 26, 2010, and thus is entitled to this priority date.

7.  Defendant became aware of the Asserted Patents on October 22, 2019.

8.  Defendant makes, uses, sells, offers for sale and imports smart thermostat systems that are accused of infringing the Asserted Patents. Defendant's thermostats accused of infringement are ecobee3, ecobee4, ecobee3 lite, ecobee Smart Thermostat with Voice Control, ecobee Smart Thermostat Enhanced, and ecobee Smart Thermostat Premium, which are configured to communicate with ecobee's backend servers, ecobee's APIs, ecobee SmartSensors, and ecobee's mobile application (collectively, "the Accused Products").

9.  Defendant infringes Claims 1, 2, 8 and 10 of the '327 patent, literally or under the doctrine of equivalents, by making, using, selling and offering for sale the Accused Products in the United States.

10. Defendant indirectly infringes Claims 1, 2, 8 and 10 of the '327 patent, literally or under the doctrine of equivalents, by inducing infringement, by affirmatively encouraging infringing uses of the Accused Products in the United States, with knowledge of the asserted patents, and with knowledge or willful blindness that the encouraged acts result in infringement.

11. Defendant indirectly infringes Claims 1, 2, 8 and 10 of the '327 patent, literally or under the doctrine of equivalents, by contributorily infringing, by making, using, selling, and offering for sale the Accused Products in the United States, with knowledge or willful blindness that the Accused Products are especially made or adapted for use in infringement of the patent, are not staple articles of commerce, and are incapable of substantial non-infringing use.

12. Defendant infringes Claims 1, 2, and 7 of the '186 patent, literally or under the doctrine of equivalents, by making, using, selling and offering for sale the Accused Products in the United States.

13. Defendant indirectly infringes Claims 1, 2, and 7 of the '186 patent, literally or under the doctrine of equivalents, by inducing infringement, by affirmatively encouraging infringing uses of the Accused Products in the United States, with knowledge of the asserted patents, and with knowledge or willful blindness that the encouraged acts result in infringement.

14. Defendant indirectly infringes Claims 1, 2, and 7 of the '186 patent, literally or under the doctrine of equivalents, by contributorily infringing, by making, using, selling, and offering for sale the Accused Products in the United States, with knowledge or willful blindness that the Accused Products are especially made or adapted for use in infringement of the patent, are not staple articles of commerce, and are incapable of substantial non-infringing use.

15. Defendant infringes Claims 1, 2, 3, 4, 5, 6, 10 and 11 of the '890 patent, literally or under the doctrine of equivalents, by making, using, selling and offering for sale the Accused Products in the United States.

16. Defendant indirectly infringes Claims 1, 2, 3, 4, 5, 6, 10 and 11 of the '890 patent, literally or under the doctrine of equivalents, by inducing infringement, by affirmatively encouraging infringing uses of the Accused Products in the United States, with knowledge of the asserted patents, and with knowledge or willful blindness that the encouraged acts result in infringement.

17. Defendant indirectly infringes Claims 1, 2, 3, 4, 5, 6, 10 and 11 of the '890 patent, literally or under the doctrine of equivalents, by contributorily infringing, by making, using, selling, and offering for sale the Accused Products in the United States, with knowledge or willful blindness that the Accused Products are especially made or adapted for use in infringement of the patent, are not staple articles of commerce, and are incapable of substantial non-infringing use.

18. Defendant's infringement has been and continues to be willful.

19. At no point in time did Defendant redesign the Accused Products in an attempt to avoid infringement of the Asserted Patents.

20. EcoFactor has suffered damages in an amount to be determined at trial as a direct and proximate cause of Defendant's direct infringement, and is entitled to an award of damages adequate to compensate it for Defendant's infringement.

21. EcoFactor is entitled to a running royalty.

22. EcoFactor is entitled to injunctive relief.

23. EcoFactor is also entitled to enhanced damages for past and continued willful conduct, as well as an award of interest, costs, attorneys' fees and any other relief the Court deems equitable and just.

24. Defendant's infringement and conduct justifies finding this dispute an exceptional case.

**B.     ecobee's Contentions**

ecobee's contentions in this case are detailed in its pleadings, discovery responses, expert reports, and ecobee's motions, including its motions for summary judgment, Daubert motions, and motions in limine, which are incorporated herein by reference. By providing these contentions, ecobee does not concede that all of these issues are appropriate for trial. In particular, ecobee does not waive any of its pending or future filed motions, which if granted, would render some or all of these issues moot.

**'327 Patent**

1. ecobee denies that it has infringed or currently infringes Claims 1, 2, 8 or 10 of the '327 patent, either literally or under the doctrine of equivalents.  Specifically, ecobee denies that the Accused Products, including the ecobee3, ecobee4, ecobee3 lite, ecobee Smart Thermostat with Voice Control, ecobee Smart Thermostat Enhanced, or ecobee Smart Thermostat Premium, infringe Claims 1, 2, 8 or 10 of the '327 patent, either literally or under the doctrine of equivalents.

2. ecobee contends that it has not induced or contributed to infringement of the '327 patent because direct infringement cannot be proven.  Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any EcoFactor patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that EcoFactor alleges ecobee induced constitute infringement of the '327 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

3. ecobee contends that the asserted claims of the '327 patent are directed to patent-ineligible subject matter, and thus invalid, under 35 U.S.C. § 101.  *See* Dkt. No. 71.

4. ecobee contends that each of the asserted claims of the '327 patent are invalid under 35 U.S.C. § 103, at least based on one or more of the following prior art systems and references:

   - U.S. Patent Application No. 2004/0117330 ("Ehlers 330")
   - U.S. Patent No. 6,868,293 ("Schurr")
   - U.S. Patent No. 6,789,739 ("Rosen")
   - WebCTRL building automation system ("WebCTRL")

ecobee contends that the prior art can be applied to the claims to prove obviousness as shown:

| Claim of the '327 Patent | References |
| --- | --- |
| 1 | Ehlers 330 and Schurr |
| | WebCTRL and Ehlers 330 |
| 2 | Ehlers 330 and Schurr and Rosen |
| | WebCTRL and Ehlers 330 and Rosen |

| 8 | Ehlers 330 and Schurr |
| | WebCTRL and Ehlers 330 |
| 10 | Ehlers 330 and Schurr |
| | WebCTRL and Ehlers 330 |

5. ecobee contends that the asserted claims of the '327 patent are not adequately enabled, and thus are invalid under 35 U.S.C. § 112.

6. ecobee contends that the asserted claims of the '327 patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement.

7. ecobee contends that the asserted claims of the '327 patent are invalid under 35 U.S.C. § 112 for indefiniteness because the language of the claims fails to inform with reasonable certainty those skilled in the art about the scope of the invention.

8. ecobee contends that the priority date for the '327 patent is its earliest filing date, July 31, 2008. ecobee disputes EcoFactor's contention that the applicable priority date for the '327 patent is September 17, 2007.

9. ecobee denies that it received notice of the '327 patent before EcoFactor filed this suit. ecobee also denies that it knew or should have known of any risk that it was infringing the '327 patent.

10. ecobee contends that it has not willfully infringed, and is not willfully infringing, the '327 patent, and that EcoFactor has not put forward any sufficient basis for willful infringement.

11. ecobee disputes that EcoFactor has suffered damages and, specifically, disputes EcoFactor's calculation of a reasonable royalty for the '327 patent. To the extent any award of damages is appropriate, it should not be based on EcoFactor's asserted royalty rate; rather it should be in an amount to be determined at trial based on all the evidence presented.

12. ecobee disputes that EcoFactor is entitled to a running or future royalty for the '327 patent.

**'186 Patent**

13. ecobee denies that it has infringed or currently infringes Claims 1, 2, or 7 of the '186 patent, either literally or under the doctrine of equivalents.  Specifically, ecobee denies that the Accused Products, including the ecobee3, ecobee4, ecobee3 lite, ecobee Smart Thermostat with Voice Control, ecobee Smart Thermostat Enhanced, or ecobee Smart Thermostat Premium, infringe Claims 1, 2, or 7 of the '186 patent, either literally or under the doctrine of equivalents.

14. ecobee contends that it has not induced or contributed to infringement of the '186 patent because direct infringement cannot be proven.  Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any EcoFactor patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that EcoFactor alleges ecobee induced constitute infringement of the '186 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

15. ecobee contends that each of the asserted claims of the '186 patent are invalid under 35 U.S.C. § 103, at least based on one or more of the following prior art systems and references:

   - U.S. Patent Application No. 2004/0117330 ("Ehlers 330")
   - U.S. Patent No. 6,868,293 ("Schurr")
   - U.S. Patent No. 6,789,739 ("Rosen")
   - U.S. Patent Application US 2005/0171645 ("Oswald")

ecobee contends that the prior art can be applied to the claims to prove obviousness as shown:

| Claim of the '186 Patent | References |
|---|---|
| 1 | Schurr and Ehlers 330 |
| | Ehlers 330 and Oswald |
| 2 | Schurr and Ehlers 330 and Rosen |
| | Ehlers 330 and Oswald and Rosen |
| 7 | Schurr and Ehlers 330 |
| | Ehlers 330 and Oswald |

16. ecobee denies that it received notice of the '186 patent before EcoFactor filed this suit. ecobee also denies that it knew or should have known of any risk that it was infringing the '186 patent.

17. ecobee contends that it has not willfully infringed, and is not willfully infringing, the '186 patent, and that EcoFactor has not put forward any sufficient basis for willful infringement.

18. ecobee contends that EcoFactor's demand for an injunction based on the alleged infringement of the '186 patent is barred from under the doctrine of laches. Specifically, ecobee contends that EcoFactor delayed in filing suit for an unreasonable and inexcusable length of time after EcoFactor knew or reasonably should have known of its claim against ecobee, and the delay resulted in material prejudice or injury to ecobee. *See* Dkt. No. 86.

19. ecobee contends that EcoFactor's demand for damages and/or an injunction based on the alleged infringement of the '186 patent is barred under the waiver doctrine. Specifically, ecobee contends that EcoFactor, with full knowledge of the material facts, intentionally relinquished its rights to enforce the '186 patent and/or its

conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished. *See* Dkt. No. 86.

20. ecobee contends that EcoFactor's demand for damages and/or an injunction based on the alleged infringement of the '186 patent is barred under the doctrine of unclean hands. *See* Dkt. No. 86.

21. ecobee contends that EcoFactor's demand for damages and/or an injunction based on the alleged infringement of the '186 patent is barred under the doctrine of patent misuse. *See* Dkt. No. 86.

22. ecobee disputes that EcoFactor has suffered damages and, specifically, disputes EcoFactor's calculation of a reasonable royalty for the '186 patent. To the extent any award of damages is appropriate, it should not be based on EcoFactor's asserted royalty rate; rather it should be in an amount to be determined at trial based on all the evidence presented.

23. ecobee disputes that EcoFactor is entitled to a running or future royalty for the '186 patent.


**'890 Patent**

24. ecobee denies that it has infringed or currently infringes Claims 1, 2, 3, 4, 5, 6, 10 or 11 of the '890 patent, either literally or under the doctrine of equivalents. Specifically, ecobee denies that the Accused Products, including the ecobee3, ecobee4, ecobee3 lite, ecobee Smart Thermostat with Voice Control, ecobee Smart Thermostat Enhanced, or ecobee Smart Thermostat Premium, infringe Claims 1, 2, 3, 4, 5, 6, 10 or 11 of the '890 patent, either literally or under the doctrine of equivalents.

25. ecobee denies that it is liable for infringement of the '890 patent based on the theory that ecobee can be held responsible for the acts of another party that is performing alleged claim steps (i.e., divided infringement). To the extent any other party

performs claim steps of the '890 patent, ecobee is not in a joint enterprise with that party and does not direct or control the other party's performance of those claim steps.

26. ecobee contends that it has not induced or contributed to infringement of the '890 patent because direct infringement cannot be proven.  Furthermore, if a finding of direct infringement is entered, ecobee contends that it has not induced or contributed to any infringement because it lacked the requisite knowledge and intent. No notice of infringement of any EcoFactor patent was given prior to the filing of the lawsuit. In addition, it cannot be shown that ecobee knew or knows that the acts of others that EcoFactor alleges ecobee induced constitute infringement of the '890 patent, or that ecobee knew or knows that components it supplied were made or adapted for use in an infringing product and lack substantial non-infringing uses.

27. ecobee contends that each of the asserted claims of the '890 patent are invalid under 35 U.S.C. § 103, at least based on one or more of the following prior art systems and references:

- U.S. Patent Application No. 2004/0117330 ("Ehlers 330")
- U.S. Patent Application US 2011/0153525 ("Benco")
- U.S. Patent No. 6,860,431 ("Jayadev")
- ecobee SMART Thermostat

ecobee contends that the prior art can be applied to the claims to prove obviousness as shown:

| Claim of the '890 Patent | References |
|---|---|
| 1 | Ehlers 330 and Benco |
|  | ecobee SMART Thermostat and Benco |
| 2 | Ehlers 330 and Benco |

| | ecobee SMART Thermostat and Benco |
|---|---|
| 3 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco |
| 4 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco |
| 5 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco |
| 6 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco |
| 10 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco |
| 11 | Ehlers 330 and Benco |
| | ecobee SMART Thermostat and Benco and Jayadev |

28. ecobee contends that the asserted claims of the '890 patent are invalid under 35 U.S.C. § 112 for indefiniteness because the language of the claims fails to inform with reasonable certainty those skilled in the art about the scope of the invention.

29. ecobee denies that it received notice of the '890 patent before EcoFactor filed this suit. ecobee also denies that it knew or should have known of any risk that it was infringing the '890 patent.

30. ecobee contends that it has not willfully infringed, and is not willfully infringing, the '890 patent, and that EcoFactor has not put forward any sufficient basis for willful infringement.

31. ecobee contends that EcoFactor's demand for damages and/or an injunction based on the alleged infringement of the '890 patent is barred under the doctrine of unclean hands. *See* Dkt. No. 86.

32. ecobee contends that EcoFactor's demand for damages and/or an injunction based on the alleged infringement of the '890 patent is barred under the doctrine of patent misuse. *See* Dkt. No. 86.

33. ecobee disputes that EcoFactor has suffered damages and, specifically, disputes EcoFactor's calculation of a reasonable royalty for the '890 patent. To the extent any award of damages is appropriate, it should not be based on EcoFactor's asserted royalty rate; rather it should be in an amount to be determined at trial based on all the evidence presented.

34. ecobee disputes that EcoFactor is entitled to a running or future royalty for the '890 patent.

## IV.        STIPULATED FACTS

The parties agree to the following stipulated facts:

1. This Court has jurisdiction over the parties and all claims and defenses in this action.

2. EcoFactor is a privately held company, having its principal place of business at 441 California Avenue, Number 2, Palo Alto, CA 94301.

3. ecobee, Inc. was a Canadian corporation with its principal place of business at 25 Dockside Drive, Suite 600, Toronto ON, Canada.

4. ecobee, Inc. is now ecobee Technologies ULC d/b/a ecobee with its principal place of business at 25 Dockside Drive, Suite 600, Toronto, ON, Canada. ecobee, Inc. is the entity that makes, uses, offers for sale and/or sells the products at issue.

5. On January 31, 2020, EcoFactor filed the Complaint asserting infringement of the '327 Patent.

6. On April 28, 2021, EcoFactor filed the Complaint asserting infringement of the '100 Patent, the '186 Patent, and the '890 Patent.

## V.        DISPUTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or ruling made at the pretrial conference in this action.

By providing this statement, the parties do not concede that all of these issues are appropriate for trial. The parties also do not waive any of their pending motions.

1. Whether Plaintiff has met its burden to show that Defendant directly infringes Claims 1, 2, 8 and 10 of the '327 patent.

2. Whether Plaintiff has met its burden to show that Defendant indirectly infringes Claims 1, 2, 8 and 10 of the '327 patent.

3. Whether Plaintiff has met its burden to show that Defendant directly infringes Claims 1, 2 and 7 of the '186 patent.

4. Whether Plaintiff has met its burden to show that Defendant indirectly infringes Claims 1, 2 and 7 of the '186 patent.

5. Whether Plaintiff has met its burden to show that Defendant directly infringes Claims 1, 2, 3, 4, 5, 6, 10 and 11 of the '890 patent.

6. Whether Plaintiff has met its burden to show that Defendant indirectly infringes Claims 1, 2, 3, 4, 5, 6, 10 and 11 of the '890 patent.

7. Whether Defendant's infringement, if any, has been and continues to be willful.

8. Whether, in the event that ecobee is found liable for infringement of any claim of the '327 patent that is not found to be invalid, EcoFactor has suffered damages in an amount EcoFactor has met its burden to prove at trial as a direct and proximate cause of Defendant's direct infringement.

9. In the event that ecobee is found liable for infringement of any claim of the '327 patent that is not found to be invalid, what award of damages, if any, EcoFactor has met its burden to prove should be awarded to EcoFactor to compensate for

Defendant's direct infringement through trial, including whether pre-judgment and post-judgment interest are appropriate.

10. In the event that ecobee is found liable for infringement of any claim of the '327 patent that is not found to be invalid, whether EcoFactor is entitled to any running royalty.

11. In the event that ecobee is found liable for infringement of any claim of the '327 patent that is not found to be invalid, whether EcoFactor is entitled to any injunctive relief.

12. In the event that ecobee is found liable for infringement of any claim of the '327 patent that is not found to be invalid, whether an award of damages after trial is appropriate to compensate for continued infringement which is willful, if any, and the amount of any such award.

13. Whether, in the event that ecobee is found liable for infringement of any claim of the '186 patent that is not found to be invalid, EcoFactor has suffered damages in an amount EcoFactor has met its burden to prove at trial as a direct and proximate cause of Defendant's direct infringement.

14. In the event that ecobee is found liable for infringement of any claim of the '186 patent that is not found to be invalid, what award of damages, if any, EcoFactor has met its burden to prove should be awarded to EcoFactor to compensate for Defendant's direct infringement through trial, including whether pre-judgment and post-judgment interest are appropriate.

15. In the event that ecobee is found liable for infringement of any claim of the '186 patent that is not found to be invalid, whether EcoFactor is entitled to any running royalty.

16. In the event that ecobee is found liable for infringement of any claim of the '186 patent that is not found to be invalid, whether EcoFactor is entitled to any injunctive relief.

17. In the event that ecobee is found liable for infringement of any claim of the '186 patent that is not found to be invalid, whether an award of damages after trial is appropriate to compensate for continued infringement which is willful, if any, and the amount of any such award.

18. Whether, in the event that ecobee is found liable for infringement of any claim of the '890 patent that is not found to be invalid, EcoFactor has suffered damages in an amount EcoFactor has met its burden to prove at trial as a direct and proximate cause of Defendant's direct infringement.

19. In the event that ecobee is found liable for infringement of any claim of the '890 patent that is not found to be invalid, what award of damages, if any, EcoFactor has met its burden to prove should be awarded to EcoFactor to compensate for Defendant's direct infringement through trial, including whether pre-judgment and post-judgment interest are appropriate.

20. In the event that ecobee is found liable for infringement of any claim of the '890 patent that is not found to be invalid, whether EcoFactor is entitled to any running royalty.

21. In the event that ecobee is found liable for infringement of any claim of the '890 patent that is not found to be invalid, whether EcoFactor is entitled to any injunctive relief.

22. In the event that ecobee is found liable for infringement of any claim of the '890 patent that is not found to be invalid, whether an award of damages after trial is appropriate to compensate for continued infringement which is willful, if any, and the amount of any such award.

23. Whether Defendant has proven by clear and convincing evidence that one or more of the Asserted Claims of the '327 patent are invalid.

24. Whether Defendant has proven by clear and convincing evidence that one or more of the Asserted Claims of the '186 patent are invalid.

18

25. Whether Defendant has proven by clear and convincing evidence that one or more of the Asserted Claims of the '890 patent are invalid.

## VI.        EXHIBITS

The parties' Joint Exhibit List is attached as **Exhibit D-1**. EcoFactor's Exhibit List is attached as **Exhibit D-2**. Defendant's Exhibit List is attached as **Exhibits D-3A and D-3B**.

## VII.       WITNESSES

EcoFactor's witness list for the jury trial is attached as **Exhibit E-1**. Defendant's objections to EcoFactor's witness list are attached as **Exhibit E-2**. Defendant's witness list for the jury trial is attached as **Exhibit E-3**. EcoFactor's objections to Defendant's witness list are attached as **Exhibit E-4**.

## VIII.      DEPOSITION AND DISCOVERY DESIGNATIONS

EcoFactor's deposition designations with Defendant's objections and counter-designations are attached as **Exhibit F-1**, and the "preliminary notes" referenced on page 3 of that document are found at the beginning of **Exhibit F-1A**. Defendant's deposition designations with EcoFactor's objections and counter-designations are attached as **Exhibit F-2**. EcoFactor's discovery designations with Defendant's objections and counter-designations are attached as **Exhibit F-3**. Defendant's discovery designations with EcoFactor's objections are attached as **Exhibit F-4**.

## IX.        STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties as discussed below and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.    Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing. Unless the Court sets alternative deadlines, all oppositions

to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

### B.    Juror Notebooks

The Court, at plaintiff's expense, shall provide juror notebooks to the Clerk in advance of trial for distribution to each juror, which will include the following: 1) copies of the Asserted Patents with their respective exhibit stamp/numbering, 2) the Court's claim constructions, 3) a blank notepad, and 4) a pen.

### C.    Exhibits

The Exhibit Lists set forth the parties' exhibits for their respective cases-in-chief; the lists do not include potential impeachment material that is not introduced into evidence. The parties reserve the right to offer exhibits for purposes of impeachment that are not included in the Exhibit Lists.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so. The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections. However, another party's exhibit is not admissible merely by virtue of being on an exhibit list or over an objection; a party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence as described above subject to any objections.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties agree that any exhibit listed on any party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements.

Finally, legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, and certified translations thereof (if in English or translated into English) may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

**EcoFactor's Position:**

No later than **7:00 p.m.**[2] two (2) calendar days before their introduction (*e.g.,* Sunday evening for a witness to be called on Tuesday), counsel shall (1) provide opposing counsel with an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition) and (2) make any non-documentary trial exhibits to be used with the witness available for physical inspection. Any objections to the identified exhibits shall be provided no later than **8:00 p.m.** one (1) calendar day before the exhibits are proposed to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at **9:00 p.m.** the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

The parties stipulate to the authenticity of each document that on its face appears to be generated by a party (plaintiff or defendant). The parties reserve the right to add additional deposition designations to establish the foundation and authenticity of an exhibit to the extent the

---

[2] All times noted herein are Central Time.

admissibility of a particular document is challenged. Notwithstanding this stipulation, each party preserves its right to object to the document on any ground other than authenticity. The Final Exhibit Lists must be filed by three (3) calendar days before the first day of trial. Those Final Exhibit Lists shall not be supplemented without approval of all parties or leave of the Court upon a showing of good cause.

**ecobee's Position:**

No later than **7:00 p.m.**[3] one (1) calendar day before their introduction (*e.g.,* Sunday evening for a witness to be called on Monday), counsel shall (1) provide opposing counsel with an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition) and (2) make any non-documentary trial exhibits to be used with the witness available for physical inspection. Any objections to the identified exhibits shall be provided no later than 9**:00 p.m.** one (1) calendar day before the exhibits are proposed to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at **9:30 p.m.** the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

Except as otherwise addressed in the parties' objections to one another's exhibit lists, the parties stipulate to the authenticity of each document that on its face appears to be generated by a party (plaintiff or defendant) or a third party who received and responded to a subpoena or similar requests. The parties reserve the right to add additional deposition designations to establish the foundation and authenticity of an exhibit to the extent the admissibility of a particular document is challenged. Notwithstanding this stipulation, each party preserves its right to object to the document on any ground other than authenticity. The Final Exhibit Lists must be filed by three (3) calendar days before the first day of trial. Those Final Exhibit Lists shall not be supplemented without approval of all parties or leave of the Court upon a showing of good cause.

---

[3] All times noted herein are Central Time.

D.      Witnesses

**EcoFactor's Position:**

The parties agree to disclose the witnesses in the order that they will be called. No later than **7:00 p.m.** two (2) calendar days before their anticipated introduction, counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition). For example, if a witness is expected to testify on a Monday, the witness must be identified by 7:00 p.m. on the previous Saturday. Any objections to the identified witnesses shall be provided no later than **8:00 p.m.** the day before the witness is offered to testify and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **9:00 p.m.** the day the objections are provided. If counsel intends to change the order of witnesses or the matter of presentation of witness testimony (*i.e.*, by live video feed) due to a COVID-19 pandemic-related disruption, they shall notify the other side immediately according to the parties' agreement regarding how to deal with such disruptions, set forth below in the undisputed portions of section XV. The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

Fact witnesses are not to be allowed into the courtroom before they testify on the stand or after, if they are subject to recall. The only exception is the parties' client representative, who will be allowed in the courtroom even if testifying in the case.

**ecobee's Position:**

The parties agree to disclose the witnesses in the order that they will be called. No later than **7:00 p.m.** one (1) calendar day before their anticipated introduction, counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition). For example, if a witness is expected to testify on a Monday, the witness must be identified by 7:00 p.m. on the previous Sunday.  Any objections to the identified witnesses shall be provided no later than **9:00 p.m.** the day before the witness is offered to testify and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **9:30 p.m.**

the day the objections are provided. If counsel intends to change the order of witnesses or the matter of presentation of witness testimony, they shall notify the other side immediately according to the parties' agreement regarding how to deal with such disruptions, set forth below in the undisputed portions of section XV. The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

Fact witnesses are not to be allowed into the courtroom before they testify on the stand or after, if they are subject to recall. The only exception is the parties' client representative, who will be allowed in the courtroom even if testifying in the case.

### E.      Deposition Testimony[4]

For any witnesses whose testimony the parties intend to present by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by **7:00 p.m.** two (2) calendar days before the designations are to be played or read to the jury. Any objections and counter-designations shall be provided no later than **4:00 p.m.** the day before the designations are to be played or read to the jury. Any objections to counter-designations shall be provided no later than **8:00 p.m.** the day the counter-designations are provided. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections, and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by **8:30 p.m.** the day before it is to be shown to the jury. If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by **7:00 p.m.** the day before the testimony is to be introduced. The parties shall meet and confer at **9:00 p.m.** the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition. The parties will continue in good faith to meet and confer regarding the proposed

---

[4] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that final deposition transcripts provided by the court reporter may be used at trial whether or not the transcripts of such depositions have been signed by the witness and filed as set forth in Federal Rule of Civil Procedure 30(b)

deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony. Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

All designated deposition testimony may be played by video or may be read live in court. The parties agree that any counter-designations, to which the other party did not object or to which the Court overruled the objection, will be included in the reading or video playing of deposition designations. To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall count against the length of its designated and counter-designated testimony read or played. The designations and counter-designations must be presented in the order they appear in the transcript. All colloquy between counsel and objections will be eliminated as much as practicable when deposition testimony is presented at trial.

The procedures concerning deposition testimony discussed above do not apply to any previously admitted witness deposition testimony the parties intend to present during the closing statements

### F. Demonstrative Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.

The parties shall exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives, such as prototypes, that they plan to use at trial during direct examination, but not for cross-examinations, by **7:00 p.m.** one (1) calendar day before their anticipated use. In other words, if a demonstrative will be used on Monday, it must be exchanged or made available by 7:00 p.m. on the previous Sunday.

"Demonstratives" are exhibits specifically created for the purpose of the trial or physical objects that are shown to the jury but are not made part of the evidentiary record, but do not include (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the demonstrative only includes factual descriptions of the underlying exhibit or testimony, or (3) demonstratives previously displayed in the course of the trial.

Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use. Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.

Any objections to the demonstrative exhibits shall be provided by **9:00 p.m.** the day before their anticipated use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at **9:30 p.m.** the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

### G.    Disclosures for Opening Statements

With respect to opening statements, by no later than **5:00 p.m.** on the day before the opening statements, the parties shall exchange by email (a) lists of any exhibits that the party intends to use in its opening statement for which there are pending objections remaining, and (b) electronic copies of any Demonstratives  that they intend to use in their respective opening statements. Any physical Demonstratives, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time along with the other demonstratives.

Any objections to the opening statement disclosures must be provided by **7:00 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **8:00 p.m.** If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury.

### H.   Disclosures for Closing Arguments

With respect to closing arguments that will be given on a day following a non-trial day (e.g. closing arguments to be given on a Monday following the weekend), by no later than **6:00 p.m.** on the day before the closing arguments the parties shall exchange by email electronic copies of any demonstrative exhibits that the party intends to use in its closing argument and that have not already been shown to the jury during the course of the trial. Demonstratives setting forth witness testimony given at trial do not have to be exchanged. Any physical Demonstratives that have not already been shown to the jury during the course of the trial, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time.

Any objections to the closing arguments disclosures must be provided by **7:30 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **8:30 p.m.** If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury.

**EcoFactor's Position:**

With respect to closing arguments that will be given on a day following a trial day (e.g. closing arguments to be given on a Friday following a day that the parties were in trial), by no later than **9:00 p.m.** on the day before the closing arguments the parties shall exchange by email

27

electronic copies of any Demonstratives that the party intends to use in its closing argument and that have not already been shown to the jury during the course of the trial. Any physical Demonstratives that have not already been shown to the jury during the course of the trial, including any poster boards, must be made available for inspection at the same time and physical Demonstratives must also be made available for inspection at the same time.

Any objections to the closing arguments disclosures must be provided by **10:00 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **11:00 p.m**. If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury.

**ecobee's Position:**

With respect to closing arguments that will be given on a day following a trial day (e.g. closing arguments to be given on a Friday following a day that the parties were in trial), by no later than **6 p.m.** on the day before the closing arguments the parties shall exchange by email electronic copies of any Demonstratives that the party intends to use in its closing argument and that have not already been shown to the jury during the course of the trial. Any physical Demonstratives that have not already been shown to the jury during the course of the trial, including any poster boards, must be made available for inspection at the same time and physical Demonstratives must also be made available for inspection at the same time.

Any objections to the closing arguments disclosures must be provided by **7:30 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **8:30 p.m**. If the parties cannot resolve the

objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury.

**I.      Stipulations Regarding Subject Matter Not To Be Presented To the Jury**

The parties have stipulated to the following:

1.      There will not be any attempt to use the COVID-19 pandemic or related conditions against any party or its witnesses, or how any party structures its trial presentation (i.e., through use of video testimony).

2.      The parties shall not offer evidence or argument that EcoFactor has engaged in forum shopping, or suggesting that the Western District of Texas is an improper venue or is otherwise a popular or notorious venue for patent litigation.

3.      The parties shall not offer evidence or argument regarding alleged misconduct during patent prosecution, the duty of candor to the USPTO, or any other issue of alleged inequitable conduct based on facts known as of January 30, 2023, though the parties reserve the right to raise such issues should new related facts arise between then and trial (including in connection with parties' other litigations).

4.      The parties shall not offer evidence or argument regarding settlement discussions between the parties or settlement offers made between the parties.

5.      The parties shall not offer evidence or argument suggesting or implying that the conduct of EcoFactor is responsible or the cause for (i) the timing of the trial as it relates to the specific date of the trial, (ii) jurors having to come to the courthouse and/or serve on the jury during the pandemic, (iii) any risk to health or safety of the jurors, their families, members of the community, or anyone else, or (iv) any burden or inconvenience to the jurors as it relates to the pandemic or the specific date of the trial.

6.      EcoFactor shall not present evidence or argument that the Asserted Patents have been deemed essential to any technological standard. *See* Dkt. Nos. 124 and 135 (at discussion of ecobee's MIL No. 7).

### J.        Handling of Source Code and Confidential Material

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information is expected to be presented.

**EcoFactor's Position:**   Pursuant to the Protective Order in this case source code is admissible evidence which the jury may rely upon in reaching its verdict. *See, e.g.*, Dkt. No. 53 ¶ 19(C)(x)(2)-(3) (allowing that the "receiving party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial" and allowing "Electronic copies of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures, and order(s), may be filed or served electronically). For purposes of trial, this includes creating an electronic image of the entirety of EcoFactor's and ecobee's printed hard copy source code in order to pre-mark the electronic copy as an exhibit. The specific code files or source code pages discussed at trial will be admitted into evidence to become part of the record. For the avoidance of any doubt, any presentation of the parties' source code in electronic or paper form in open court requires sealing of the court room.

**ecobee's Position:**  ecobee agrees that its source code may be displayed in a closed courtroom only.  ecobee agrees that any presentation of the parties' source code in electronic or paper form requires sealing of the court room.  ecobee also agrees that the parties may include references to ecobee's source code in their argument and may elicit testimony from witnesses permitted to view this source code pursuant to the Protective Order in this case.  As set forth in ecobee's Motion *In Limine* No. 2, however, ecobee objects to its source code being included as an exhibit and objects to copies of source code materials being provided to jurors in this case as it will serve no useful purpose and creates a heightened risk of confusion and prejudice to ecobee, as well as a greater risk of improper or inadvertent disclosure of highly confidential material.  Once the trial is complete, EcoFactor must delete and/or destroy any copies of source code material in its possession, whether they be hard copies or digital copies. EcoFactor must confirm

deletion/destruction of any source code material no later than 60 days following the entry of judgment.

## X.       PROPOSED JURY INSTRUCTIONS

The parties' joint and disputed "requested" jury instructions are attached as **Exhibit G-1**. The parties' joint and disputed "charge and interrogatories" (with footnotes/citations removed and including the parties' proposed verdict forms) are attached as **Exhibit G-2A through Exhibit G-2C**. The parties' memoranda of law regarding the proposed jury instruction no. 38A on divided infringement are attached as **Exhibit G-3 and Exhibit G-4.**

## XI.      LIST OF PENDING MOTIONS

The following motions remain pending:

1.  Dkt. No. 65 – EcoFactor's Motion to Exclude Expert Opinions of ecobee's Damages Expert Michele Riley

2.  Dkt. No. 66 – EcoFactor's Motion for Summary Judgment of Defendant ecobee's Affirmative Defenses

3.  Dkt. No. 67 – ecobee's *Daubert* Motion to Exclude Testimony of Plaintiff's Damages Expert, Mr. David Kennedy

4.  Dkt. No. 68 – EcoFactor's Motion to Exclude Expert Opinions of Brian D'Andrade and Motion for Partial Summary Judgment

5.  Dkt. No. 69 – EcoFactor's Motion to Exclude Expert Opinions of Defendant ecobee's Experts Shukri Souri and Melissa Bennis Regarding Non-Infringing Alternatives

6.  Dkt. No. 70 – ecobee's Motion to Strike Plaintiff's New, Undisclosed and Untimely Expert Opinions Concerning Infringement and Validity

7.  Dkt. No. 71 – ecobee's Motion for Partial Summary Judgment

8.  Dkt. No. 73 – EcoFactor's Motion to Exclude Expert Opinions of ecobee's Damages Expert Melissa Bennis

**XII.**        **PROPOSED VOIR DIRE**

The parties' proposed *voir dire* questions are attached as **Exhibit H-1 and Exhibit H-2**. The parties' joint and disputed proposed juror questionnaire is attached as **Exhibit H-3 and Exhibit H-4**.

**XIII.**       **DISPUTED MOTIONS *IN LIMINE***

The parties' disputed motions *in limine* are listed below, and the briefs filed on those motions (without exhibits) are attached hereto as **Exhibits I-1A through I-1C** (briefing on EcoFactor's motions) and **Exhibits I-2A through I-2C** (briefing on Defendant's motions).

EcoFactor's motions *in limine* still in dispute:

- EcoFactor's Motion *in Limine* No. 1:  To preclude references to litigation involving EcoFactor and ecobee other than EcoFactor's claims against ecobee at issue in this trial, and to preclude references to EcoFactor's litigation matters against other parties except for those settled by licenses

- EcoFactor's Motion *in Limine* No. 2:  To preclude evidence or argument regarding *inter partes* reviews, *ex parte* reexaminations, or other post-grant proceedings

- EcoFactor's Motion *in Limine* No. 3:  The parties shall not offer evidence or argument regarding no-longer asserted patents, dropped patent claims, non-asserted infringement theories, no-longer asserted non-infringement theories, and no-longer asserted invalidity theories

- EcoFactor's Motion *in Limine* No. 4:  To preclude evidence or argument regarding prior art not elected by ecobee for trial, including evidence or argument about how any such non-asserted prior art indicates that a claim element was known in the prior art

- EcoFactor's Motion *in Limine* No. 5:  To preclude fact witnesses from offering expert evidence construing claim language or comparing it to ecobee products, EcoFactor products, or prior art

- EcoFactor's Motion *in Limine* No. 6:  To preclude evidence or argument regarding comparisons of accused products to prior art

- EcoFactor's Motion *in Limine* No. 7:  To preclude evidence or argument regarding equitable defenses not being decided by the jury

- EcoFactor's Motion *in Limine* No. 8:  To preclude evidence or argument that is derogatory of the USPTO or its examiners, such as that they are mistake-prone or prone to error

- EcoFactor's Motion *in Limine* No. 9:  To preclude evidence or argument that if the jury were to award EcoFactor the damages that it is seeking, this would increase the price of ecobee's products, put ecobee's manufacturers or partners out of business, or lead to lost jobs

- EcoFactor's Motion *in Limine* No. 10:  To preclude evidence or argument regarding EcoFactor's attorney fee agreements or payments to EcoFactor's litigation counsel, Russ August & Kabat

- EcoFactor's Motion *in Limine* No. 11:  To preclude evidence or argument regarding how often a party's experts have worked with the party's counsel outside the context of this action

- EcoFactor's Motion *in Limine* No. 12:  To preclude references to EcoFactor as "litigious," "troll," "pirate," "profiteer," "extortionist," "shell-company," "engaging in a shakedown," "in the business of filing lawsuits," "stick up," "hold up," or like terms

ecobee's motions *in limine* still in dispute:

- ecobee's Motion *In Limine* No. 1:  Given that EcoFactor Will Present Multiple Infringement Experts, the Court Should Preclude It from Providing Cumulative and Duplicative Testimony

- ecobee's Motion *In Limine* No. 2: EcoFactor Should Not Be Permitted to Send ecobee's Source Code Printouts to the Jury

- ecobee's Motion *In Limine* No. 3: EcoFactor May Not Present Evidence or Argue that It Practices Any of the Asserted Patents

- ecobee's Motion *In Limine* No. 4: The Court Should Exclude Evidence and Argument that ecobee's Knowledge of EcoFactor's Existence or Product Offerings Equates to Notice or Knowledge of the Asserted Patents

- ecobee's Motion *In Limine* No. 5: The Court Should Exclude Evidence or Argument that the DSJ Agreements Contain an Agreement to a $5.16 Royalty

- ecobee's Motion *In Limine* No. 6: The Court Should Exclude Speculative Evidence Concerning Daikin, Schneider, and JCI's Contractual Intent That is Beyond Any Witness's Personal Knowledge

- ecobee's Motion *In Limine* No. 8: EcoFactor May Not Present Evidence of the Outcome of the Google Trial, Including the Verdict or Damages Award

- ecobee's Motion *In Limine* No. 9: The Court Should Exclude References to Generac's Acquisition of ecobee and the Acquisition Price

- ecobee's Motion *In Limine* No. 10: EcoFactor May Not Rely on Documents It Produced for the First Time in Connection with Its Pre-trial Disclosures.

## XIV.          PROCEDURE FOR POTENTIAL COVID-19 WITNESS DISRUPTIONS

The Parties agree that, in the event any witness that is scheduled and disclosed to appear live to testify, becomes unable to do so due to COVID-19 illness or travel restrictions, the witness may be called via live videoconference. To the extent that any party intends to offer testimony in this fashion, it will notify opposing counsel as soon as it becomes aware of the issue and provide a revised order of witness appearance if necessary. In the event that a previously and properly disclosed witness is unavailable (as defined in Fed. R. Civ. P. Rule 32) to give live testimony in person or by video due to COVID-19 illness or travel restrictions, his or her deposition testimony will be permitted as a substitute.

## XV.          LENGTH OF TRIAL

**EcoFactor's Position:**   The length of trial will be 12 hours per side, including opening statements and closing arguments, which are each limited to thirty (30) minutes per side.

**ecobee's Position:**   The length of trial will be 10 hours per side, including opening statements and closing arguments, which are each limited to thirty (30) minutes per side.

This Joint Pre-Trial Order is hereby approved this__day of_____, 2023.

_____

Hon. Alan D. Albright

United States District Judge