# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No.: 6:21-cv-00428-ADA <br><br> **LEAD CASE** |
| ECOFACTOR, INC., <br><br> Plaintiff, <br> v. <br><br> ECOBEE, INC., <br><br> Defendant. | Case No.: 6:20-cv-00078-ADA |

### PLAINTIFF ECOFACTOR, INC.'S OPPOSED MOTION
### TO RESOLVE DISPUTES REGARDING ITS BILL OF COSTS

**Table of Contents**

| | | |
|---|---|---|
| I. | Introduction ................................................................................................................... | 1 |
| II. | EcoFactor should be awarded its requested deposition costs ............................................ | 2 |
| III. | EcoFactor should be awarded its requested witness costs ................................................ | 7 |
| IV. | EcoFactor should be awarded its requested exemplification and copying costs ............... | 9 |
| V. | EcoFactor should be awarded its requested docket fees, which are undisputed ............. | 12 |
| VI. | Conclusion .................................................................................................................... | 12 |

## Table of Authorities

**Cases**

*Ceglia v. Zuckerberg*,
  No. 10-CV-00569A F, 2012 WL 5988637 (W.D.N.Y. Nov. 29, 2012) .................................. 8

*Crouch v. Teledyne Cont'l Motors, Inc.*,
  Civ. A. No. 10-00072, 2013 WL 203408 (S.D. Ala. Jan. 17, 2013) ......................................... 8

*Depomed, Inc. v. Actavis Elizabeth LLC*,
  No. CV 13-4507 (CCC), 2018 WL 999673 (D.N.J. Feb. 21, 2018) ......................................... 8

*EcoFactor, Inc. v. Google LLC*,
  No. 6:20-cv-00075-ADA, Dkt. No. 257 (W.D. Tex. July 1, 2022) .......................................... 9

*Fogleman v. ARAMCO*,
  920 F.2d 278 (5th Cir. 1991) .................................................................................................. 2

*Garzez v. Lopez*, No. SA-02-CA-1131-H,
  2008 WL 11461796 (W.D. Tex. Dec. 31, 2008) ..................................................................... 3

*Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*,
  No. CV 11-3962 (MLC), 2016 WL 660601 (D.N.J. Feb. 18, 2016) ........................................ 8

*MV3 Partners LLC v. Roku, Inc.*,
  No. 6:18-cv-00308-ADA, Dkt. No. 433 (W.D. Tex. June 3, 2022) .............................. 3, 10, 11

*Nilesh Enters. v. Layers Title Ins. Corp.*,
  2010 U.S. Dist. LEXIS 66146 (W.D. Tex. Jul. 1, 2010) .......................................................... 3

*Osseiran v. Int'l Fin. Corp.*,
  68 F. Supp. 3d 152 (D.D.C. 2014) .......................................................................................... 8

*Profectus Tech. LLC v. Google LLC*,
  No. 6:20-cv-00101-ADA, Dkt. No. 229 (W.D. Tex. Aug. 15, 2022) ............................ 3, 9, 12

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*,
  396 F. Supp. 3d 323 (S.D.N.Y. 2019) ..................................................................................... 8

*Stearns Airport Equip. Co., Inc. v. FMC Corp.*,
  170 F.3d 518 (5th Cir. 1999) .................................................................................................. 2

*Summit Tech., Inc. v. Nidek, Co.*,
  435 F.3d 1371 (Fed. Cir. 2006) ............................................................................................. 10

*SynQor, Inv. v. Artesyn Techs., Inc.*,
  No. 2:07-cv-497-TJW-CE, 2011 U.S. Dist. LEXIS 112493 (E.D. Tex. Sep. 30, 2011) .......... 3

*Two-Way Media, LLC v. AT&T Servs., Inc.*,
  2013 U.S. Dist. LEXIS 202556 (W.D. Tex. Nov. 22, 2013) ................................................. 11

*Ushijima v. Samsung Elecs. Co.*,
  2015 U.S. Dist. LEXIS 109031 (W.D. Tex. Jul. 30, 2015) ................................................... 10

*Versata Software, Inc. v. SAP Am., Inc.*,
  No. 2:07-CV-153, 2011 WL 4436F83 (E.D. Tex. Sep. 23, 2011) ......................................... 11

**Statutes**

28 U.S.C. § 1821 ............................................................................................................... 7, 8

28 U.S.C. § 1920(2) ............................................................................................................... 2

28 U.S.C. § 1920(4) ............................................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 54(d)(1) ............................................................................... 1

Local Rule CV-54(a)(3) ......................................................................................................... 1

I.      **Introduction**

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule CV-54(a)(3), Plaintiff EcoFactor, Inc. ("EcoFactor") respectfully submits this opposed motion to resolve disputes regarding the bill of costs it previously submitted (Dkt. Nos. 260, 261). Defendant ecobee, Inc. ("ecobee") opposes certain costs sought by EcoFactor, and EcoFactor respectfully requests that the Court resolve those disputes in EcoFactor's favor and award EcoFactor its requested costs totaling **$200,771.33**. *See* Ex. 1.

With respect to **deposition costs**, ecobee asserts that the only depositions that should be taxable are those taken in Case No. 6:21-cv-00428-ADA ("the 428 Action"). ecobee ignores that this trial and the Court's final judgment was not limited to the 428 Action and instead also included Case No. 6:22-cv-00078-ADA ("the 78 Action"), which was consolidated with the 428 Action (at ecobee's request) for all purposes. ecobee further ignores that the parties specifically streamlined discovery in the 428 Action by agreeing to the cross-use of prior depositions from other cases, including the 78 Action. These prior depositions were used in this case, and their associated costs should be taxed.

With respect to **witness costs**, ecobee objected to EcoFactor's originally submitted bill of costs because it included costs associated with days that witnesses were not testifying. The methodology EcoFactor used was not only reasonable but was exactly the approach used in EcoFactor's bill of costs submitted in prior litigation, which was unopposed. In light of ecobee's objections, EcoFactor has revised its witness costs request herein in an effort to avoid disputes.

With respect to **exemplification and copying costs**, ecobee simply asserts that the amount requested is too high. This was a complex trial involving multiple patents and a large number of

exhibits, and EcoFactor's requested costs are lower than those awarded by this Court in similar cases. There is no principled reason for not awarding them here.

Finally, ecobee has indicated that it may argue EcoFactor should not be entitled to ***any*** costs award at all because EcoFactor only prevailed on one of the two patents asserted at trial. This unreasonable position is not only inconsistent with the law; it also rehashes the same argument ecobee already made to this Court in requesting entry of judgment in ecobee's favor on the 78 Action. This Court declined to adopt ecobee's position before and should do so again now.

## II.     EcoFactor should be awarded its requested deposition costs

EcoFactor seeks to recover **$119,704.88** in costs for printed and electronically recorded trial, pre-trial, and deposition transcripts. *See* 28 U.S.C. § 1920(2). ecobee's dispute focuses on less than half of this amount, as explained below.

With respect to court proceedings, EcoFactor seeks taxation of costs in the amount of $15,000.00 for obtaining daily trial transcripts. *See* Ex. 2. These transcripts were necessarily obtained for use during trial, and the associated invoice was submitted with EcoFactor's bill of costs. *See* Dkt. No. 260-1. ecobee does not oppose the taxation of these costs.

With respect to depositions, EcoFactor seeks $104,704.88 in costs for deposition transcripts ($102,321.88) and videos ($2,383.00) associated with the below-identified witnesses. Deposition costs are permitted if the depositions "were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id*.

2

Section 1920(2) also permits taxing costs for video recordings of depositions. *Nilesh Enters. v. Layers Title Ins. Corp.*, 2010 U.S. Dist. LEXIS 66146, at *8 (W.D. Tex. Jul. 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs"); *SynQor, Inv. v. Artesyn Techs., Inc.*, No. 2:07-cv-497-TJW-CE, 2011 U.S. Dist. LEXIS 112493, at *9-10 (E.D. Tex. Sep. 30, 2011) (explaining that the 2008 amendment to § 1920 permits recovery of both deposition transcripts and electronic video recordings necessarily obtained for use in the case).

The deposition transcripts and videos for which EcoFactor seeks costs were necessarily obtained for use in the case, including for the preparation of expert reports, drafting of motions, and preparation for trial. EcoFactor is not seeking incidental costs associated with its depositions, such as expedited delivery charges or real-time transcription costs. *See, e.g.*, *Garzez v. Lopez*, No. SA-02-CA-1131-H, 2008 WL 11461796, at *3 (W.D. Tex. Dec. 31, 2008). In addition, EcoFactor is only seeking video costs for the four third-party witnesses who testified by deposition video at trial.[1] *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 6-7 (W.D. Tex. June 3, 2022).

ecobee does not oppose the taxation of costs for depositions taken in the 428 Action. Accordingly, the parties' dispute over deposition costs focuses on the $54,840.65 in costs that EcoFactor seeks for depositions that were taken during the 78 Action. *See* (showing $54,840.65

---

[1] The prevailing party can recover video costs for "video depositions of witnesses who *did not testify at trial.*" *Profectus Tech. LLC v. Google LLC*, No. 6:20-cv-00101-ADA, Dkt. No. 229 at 8 (W.D. Tex. Aug. 15, 2022) (emphasis in original; internal quotation marks omitted). To make its request even more reasonable, EcoFactor is not seeking video costs associated with numerous other depositions for which it would be entitled to seek video costs under this Court's precedent, including for the depositions of seven fact witnesses (Michael Brown, Chris Carradine, Jordan Christenson, Scott Cleaver, Brent Laurence, Sina Shahandeh, and Kevin Trinh), all of whom had their depositions recorded by video but did not testify at trial. Rather than seek these additional costs, EcoFactor reduced its request for video deposition costs to include only the four witnesses whose deposition videos were actually played at trial, as identified in the table below.

3

in requested costs for depositions taken in the 78 Action and $49,864.23 in requested costs for depositions taken in the 428 Action). An itemization of EcoFactor's taxable deposition costs and supporting invoices are contained in Exhibit 3 (including one summary table sorted by deponent and another summary table sorted by case, with blue highlighting to indicate depositions taken in the 78 Action and green highlighting to indicate depositions taken in the 428 Action).

Consistent with the jury's verdict (Dkt. No. 248), this Court's final judgment identifies EcoFactor as the prevailing party in the consolidated case decided by the jury. Dkt. No. 258. ecobee specifically argued to this Court that it should enter a separate final judgment for each of the consolidated actions because the jury did not find infringement U.S. Patent No. 8,738,327 ("'327 patent"), which was raised in EcoFactor's complaint in the 78 Action. *See* Dkt. No. 253 (including Ex. 14 thereto). This Court denied ecobee's request. ecobee's argument now that costs should not be taxable for depositions taken in the 78 Action is a rehash of the same position this Court already rejected. Just as before, the Court should deny ecobee's proposal.

ecobee's argument here also ignores the parties' cross-use agreement and the use of depositions from the 78 Action leading up to and during trial, both generally and even specifically with regard to issues only bearing on U.S. Patent No. 10,584,890 ("'890 patent"), which was raised in the 428 Action. The parties explicitly agreed that "[d]eposition transcripts, trial transcripts, and written witness statements of EcoFactor and ecobee fact witnesses in the 1185 Investigation, the 1258 Investigation, and the WDTX-00078 case are deemed produced in the WDTX-00428" case, among others. Ex. 7 (6/14/2022 ecobee Email). ecobee cannot assert now that the 78 Action transcripts are irrelevant to the 428 Action (and thus not taxable) when ecobee explicitly agreed to such cross-use in order to streamline discovery in the 428 Action. Both parties' expert reports in the 428 Action cited heavily to depositions taken in the 78 Action. As

one example, EcoFactor's infringement expert, Erik de la Iglesia, submitted a report in the 428 Action that includes **hundreds** of citations to 78 Action deposition transcripts. *See, e.g.*, Ex. 5 to Dkt. No. 70 at 400-01 (including 12 citations to 78 Action transcripts with respect to a single element of a single asserted claim). Portions of the same deposition testimony were discussed by Mr. de la Iglesia during trial and even shown to the jury to illustrate his opinions on the '890 patent, which the jury found was infringed. *See, e.g.*, Ex. 8 (demonstrative slides 39, 64, 78, 79, and 106 of PDX-0003 all citing to deposition testimony given in 2021 in the 78 Action). Further illustrating the absurdity of ecobee's position, ecobee challenged EcoFactor's damages claims at trial—as to the asserted patents in both actions—by playing at trial the deposition testimony of third parties Bidgely (Tim Clark) and NV Energy (Adam Grant). Trial Tr. at 734:2-747:2. Those depositions were taken in the 78 Action, demonstrating that ecobee is wrong to argue now—when the bill comes due—that depositions from the 78 Action have nothing to do with the 428 Action and are not taxable.[2]

ecobee has not articulated any argument that particular witnesses deposed in the 78 Action are irrelevant, instead seeking to exclude costs for all of the 78 Action depositions categorically. Nonetheless, EcoFactor has summarized below reasons why each witness's transcripts were necessarily obtained for use in this case and are thus taxable. *See also* Dkt. No. 261 (providing the same explanations in EcoFactor's original supporting memorandum).

---

[2] It also bears noting that EcoFactor voluntarily excluded from its request deposition costs that were incurred in the 1185 Investigation, even though those depositions were subject to the same cross-use agreement and were also relied upon heavily in this case, including specifically with respect to the '890 patent asserted in the 428 Action. *See, e.g.*, Ex. 8 (demonstrative slides 35, 82, and 106 of PDX-0003 all citing to deposition testimony given in 2020 in the 1185 Investigation). EcoFactor is not seeking any costs associated with the dozen additional depositions that were taken in the 1185 Investigation and used in this case, further demonstrating the reasonableness of EcoFactor's request.

5

| Deponent Name | Case(s) | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|---|
| Kevin Banderk | 78, 428 | ecobee Chief Marketing Officer, Chief Revenue Officer, and 30(b)(6) witness; testified live at trial |
| Melissa Bennis | 428 | EcoFactor damages expert; submitted an expert report; testified live at trial |
| Michael Brown | 78 | Corporate representative of third-party Nevada Energy subpoenaed by ecobee |
| Chris Carradine | 78 | ecobee Executive VP and 30(b)(6) witness; deposition testimony relied upon by EcoFactor experts |
| Jordan Christenson | 78 | ecobee VP of Technology and 30(b)(6) witness; deposition testimony relied upon by EcoFactor experts |
| Tim Clark | 78 | Corporate representative of third-party Bidgely; testified by deposition **video** at trial |
| Scott Cleaver | 78 | ecobee Chief Operations Officer; deposition testimony relied upon by EcoFactor experts |
| Brian D'Andrade | 428 | ecobee invalidity expert; submitted an expert report but ultimately did not testify at trial |
| Erik de la Iglesia | 428 | EcoFactor infringement expert; submitted an expert report; testified live at trial |
| Geoffrey Flint | 428 | Corporate representative of third-party CustomWeather; testified by deposition **video** at trial |
| Adam Grant | 78 | Corporate representative of third-party Nevada Energy; testified by deposition **video** at trial |
| Adam Grossman | 428 | Corporate representative of third-party Apple (Dark Sky); testified by deposition **video** at trial |
| Shayan Habib | 78, 428 | EcoFactor CEO, corporate representative, and 30(b)(6) witness; testified live at trial |
| Sylvia Hall-Ellis | 78 | ecobee expert; submitted an expert report on prior art ultimately not used at trial |
| Alan Hietala | 428 | ecobee software engineer and 30(b)(6) witness; testified live at trial |
| David Kennedy | 78, 428 | EcoFactor damages expert; submitted an expert report; testified live at trial |
| Brent Laurence | 428 | ecobee hardware engineer and 30(b)(6) witness; deposition testimony relied upon by EcoFactor experts |
| Mark Malchiondo | 78, 428 | ecobee Co-Founder, VP of Software Engineering, and 30(b)(6) witness; testified live at trial |

6

| Deponent Name | Case(s) | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|---|
| Adam Noble-Marks | 78, 428 | ecobee software engineer and 30(b)(6) witness; testified live at trial |
| Glen Okita | 78, 428 | EcoFactor VP of Engineering and 30(b)(6) witness; testified live at trial |
| John Palmer | 78, 428 | EcoFactor validity expert; submitted an expert report; testified live at trial |
| Michele Riley | 78 | EcoFactor damages expert; submitted an expert report; testified live at trial |
| Sina Shahandeh | 78 | ecobee VP of Data Science; deposition testimony relied upon by EcoFactor experts |
| Shukri Souri | 78, 428 | ecobee non-infringement expert; submitted an expert report; testified live at trial |
| Kevin Trinh | 78 | ecobee senior data scientist; deposition testimony relied upon by EcoFactor experts |
| David Williams | 78 | ecobee invalidity expert; submitted an expert report; testified live at trial |
| Robert Zeidman | 78 | EcoFactor infringement expert; submitted an expert report; testified live at trial |

**III.    EcoFactor should be awarded its requested witness costs**

EcoFactor seeks to recover **$5,361.87** in witness fees for its trial witnesses. *See* Ex. 4. The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. § 1821. In particular, EcoFactor's costs for each witnesses is taxed through an attendance fee as provided for in § 1821(b), required travel expenses as provided for in § 1821(c), and required subsistence as provided for in § 1821(d).

As shown in Exhibit 4, EcoFactor seeks to recover the statutory attendance fee of $40 and subsistence fee of $64 (as prescribed by the Administrator of General Services for Waco, Texas) only for the day(s) on which each of its witnesses testified or traveled for trial. The only exception is EcoFactor's rebuttal expert on validity, Dr. Palmer, who ultimately did not testify at the trial but was prepared to do so. On the last trial day during which evidence was presented (i.e., June

7

22, 2023), ecobee informed EcoFactor that it had decided not to present an invalidity case, such that Dr. Palmer would not testify even though he was prepared to do so that same day. Given this late change in ecobee's trial presentation, it is reasonable for EcoFactor to include Dr. Palmer in its request.

As also shown in Exhibit 4, EcoFactor seeks to recover certain travel expenses for its witnesses—and has discounted its request substantially in an effort to avoid disputes. For example, certain of EcoFactor's witnesses took business class or first class flights to or from trial, so EcoFactor has discounted its request to seek only 40% of such costs, in recognition that § 1821(c) refers to using "a common carrier at the most economical rate reasonably available." Courts commonly discount such non-economy fares by 50% to account for this provision of § 1821(c), so EcoFactor's request for only 40% is an even greater discount (amounting to an additional discount of $919.65). *See, e.g.*, *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 353 (S.D.N.Y. 2019) (reducing business class fare by 50% to account for § 1821(c)); *Depomed, Inc. v. Actavis Elizabeth LLC*, No. CV 13-4507 (CCC), 2018 WL 999673, at *10 (D.N.J. Feb. 21, 2018) (same); *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, No. CV 11-3962 (MLC), 2016 WL 660601, at *8 (D.N.J. Feb. 18, 2016) (same); *Osseiran v. Int'l Fin. Corp.*, 68 F. Supp. 3d 152, 158 (D.D.C. 2014) (same); *Crouch v. Teledyne Cont'l Motors, Inc.*, Civ. A. No. 10-00072, 2013 WL 203408, at *17 (S.D. Ala. Jan. 17, 2013) (same); *Ceglia v. Zuckerberg*, No. 10-CV-00569A F, 2012 WL 5988637, at *8 (W.D.N.Y. Nov. 29, 2012) (same). In addition, EcoFactor has not included any of its mileage, taxi, and rental car costs incurred for travel to and from airports, despite such costs being taxable under § 1821(c). And EcoFactor has removed an additional $245 in travel agent fees (each $35) for flight bookings.

8

In its original submission, EcoFactor proposed a simpler calculation of witness costs that was consistent with the bill of costs entered in *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA, Dkt. No. 257 (W.D. Tex. July 1, 2022) ("Google Bill of Costs"). The Google Bill of Costs included appearance and subsistence fees for days that each witness spent in Waco for trial and trial preparation but did not include any witness travel expenses. In its original submission here, EcoFactor followed the same approach, which resulted in requested witness costs of $5,616.00. *See* Dkt. Nos. 260, 261. Unlike Google, ecobee objected to that approach. In an effort to reach compromise and avoid disputes, EcoFactor has reformulated its request to (1) remove subsistence fees for non-testifying days, (2) remove appearance fees for all days except those on which the witness testified or traveled for trial, and (3) add in travel expenses—but with significant discounting, as described above. This resulted in a newly requested amount of $5,361.87. EcoFactor has attached hereto as Exhibit 1 an updated bill of costs reflecting that change.

**IV.   EcoFactor should be awarded its requested exemplification and copying costs**

EcoFactor seeks to recover **$74,802.58** in costs for exemplification, printing, copying, and making documents for trial necessarily obtained for use in this case. 28 U.S.C. § 1920(4). ecobee has offered no proposed compromise or alternative, only a vague objection that EcoFactor's request is excessive. To the contrary, these costs were necessarily incurred by EcoFactor for items necessarily obtained for use in this case.

ecobee does not challenge EcoFactor's request for $459.86 in costs for two sample ecobee accused thermostats, which EcoFactor used in testing conducted by EcoFactor's infringement expert and in presenting its case to the jury (e.g., to show the display of information on the face of an accused thermostat). *See* Ex. 6; *Profectus*, No. 6:20-cv-00101-ADA, Dkt. No. 229 at 9-10

9

("Given the demonstratives' utility in the trial and that the physical products, or examples, were necessarily obtained for use in this case, e.g., to prepare defenses, for expert opinions, and for presentation to the jury at trial, the Court finds that such costs should be granted.").

ecobee vaguely disputes EcoFactor's request for $74,342.72 in document reproduction costs that necessarily resulted from this litigation. As this Court has recognized, there is a "generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs throughout the entire case." *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 10 (W.D. Tex. June 3, 2022); *Ushijima v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS 109031, at *12 (W.D. Tex. Jul. 30, 2015) ("Allocating approximately 50% of the prevailing party's copying costs is an acceptable, if 'somewhat crude,' method of accounting for necessary versus unnecessary copies." (quoting *Summit Tech., Inc. v. Nidek, Co.*, 435 F.3d 1371, 1378-79 (Fed. Cir. 2006))). An itemization of EcoFactor's total document reproduction costs and supporting invoices are contained in Exhibit 6. Because these costs total $148,685.44, application of the 50% general rule indicates that EcoFactor would be entitled to recover $74,342.72 in document reproduction costs.

Given the complexity of this case and the costs incurred, EcoFactor's request is reasonable. This case required a weeklong trial with testimony from six party fact witnesses, several third-party fact witnesses, and six expert witnesses (and would have required multiple additional expert witnesses if ecobee had not dropped its invalidity case on the last day of trial). EcoFactor's associated invoices show that the requested costs are recoverable. Array Invoice Nos. X67649 and X74283 are for a local litigation support firm and list costs incurred in creating EcoFactor's electronic exhibits in compliance with the Court's JERS system for receiving electronic exhibits, and for printing hard copies of those exhibits (e.g., for inclusion in direct and

10

cross-examination binders that were used with witnesses during trial). EcoFactor notes that Array also provided a discount of $12,500, as noted at the bottom of Invoice No. X74283. EcoFactor's Exhibit 6 also includes an invoice from Connect Litigation (Invoice No. 30762) that lists a number of different costs incurred, only some of which are being sought by EcoFactor here. Specifically, EcoFactor seeks recovery of (1) $7,650 in costs for equipment such as attorney and paralegal workstations and printers used during trial, (2) $8,350 in costs for renting copy machines that were used to print demonstrative slides and other trial documents, and (3) $17,912.12 in black-and-white and color copies actually made during trial and trial preparation (referred to as "clicks" on the invoice). Finally, EcoFactor's Exhibit 6 includes an invoice from Digital Evidence Group for the printing of large demonstrative boards that EcoFactor used during trial to orient the jury (e.g., to check off claim elements as they were addressed by EcoFactor's experts). Again, these costs total $148,685.44, but EcoFactor has already applied the 50% general rule to yield the $74,342.72 in document reproduction costs for which EcoFactor seeks recovery.

EcoFactor also notes that the exemplification and copying costs that EcoFactor seeks already exclude EcoFactor's substantial costs related to preparing graphics and demonstrative aids. This Court has previously awarded such costs in numerous cases, including $133,998.89 in graphics costs in *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 10 (W.D. Tex. June 3, 2022). EcoFactor respectfully submits that such costs should be considered taxable in this case because "in highly technical cases, [such as patent cases], trial technology is not only reasonable but necessary," such that trial technology "may be taxed as a cost as long as it is anticipated, useful, and a necessary tool to assist in the efficient presentation of cases." *Two-Way Media, LLC v. AT&T Servs., Inc.*, 2013 U.S. Dist. LEXIS 202556, at *23 (W.D. Tex. Nov. 22, 2013) (citing *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-CV-153, 2011 WL 4436F83,

11

at *2 (E.D. Tex. Sep. 23, 2011)). Nonetheless, EcoFactor appreciates that this Court subsequently declined to award such costs in the *Profectus* case. EcoFactor has therefore already excluded such graphics costs from its request here.

## V.   EcoFactor should be awarded its requested docket fees, which are undisputed

EcoFactor seeks to recover **$902.00** in costs to compensate for its fees paid to file the Complaint (Dkt. No. 1) in each action, as well as the Motion to Appear *Pro Hac Vice* filed by Kristopher R. Davis for Jason M. Wietholter (Dkt. No. 75 in Case No. 6:20-cv-00078-ADA). An itemization of these costs are included in Exhibit 5. ecobee does not object to these costs.

## VI.   Conclusion

As the prevailing party in this litigation, EcoFactor requests an award of costs in the total amount of **$200,771.33**, as reflected in its updated Bill of Costs attached hereto as Exhibit 1.

Date: September 27, 2023

Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
Marc A. Fenster
Kristopher Davis
Adam Hoffman
James Pickens
Minna Chan
Jason Wietholter
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Matthew D. Aichele
**Russ August & Kabat**
800 Maine Ave SW, Suite 200
Washington, DC. 20024
Telephone: (202) 664-0623

*Counsel for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendant on September 27, 2023 via the Court's CM/ECF.

/s/ *Reza Mirzaie*